**BIRCHTREE FINANCIAL SERVICES, INC. and Shatkin–Lee Securities Company, Respondents,**

v.

**Blake David THOMAS, Appellant.**

**No. WD 43912.**

Missouri Court of Appeals, Western District.

Dec. 31, 1991.

Blake David Thomas, pro se.

Thomas P. O'Donnell, Richard D. Ralls, Wirken & King, Kansas City, for respondents.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Blake David Thomas appeals from a decision of the trial court granting summary judgment in favor of respondents, Birchtree Financial Services, Inc. (Birchtree), and Shatkin–Lee Securities Company (Shatkin–Lee), confirming a contractually binding arbitration award. Thomas contends that the trial court erred in granting the motion for summary judgment because: (1) it failed to consider that Birchtree was not a party to the arbitration and lacked standing to participate in the arbitration; and (2) it failed to consider that Shatkin–Lee is an Illinois limited partnership and that neither the arbitration or application to confirm arbitration award was brought in the name of Shatkin–Lee's limited partners as mandated by § 359.081, RSMo 1986, thus Shat-

kin–Lee lacked standing in the arbitration and in the circuit court. The judgment is affirmed.

On January 12, 1988, Thomas entered into an agreement with Shatkin–Lee entitled a "Customer's Option Account Form and Agreement." It contained an arbitration clause providing:

> *Arbitration:* the following agreement to arbitrate does not apply to any controversy with a public customer for which a remedy may exist pursuant to an expressed or implied right of action under the federal securities laws. The undersigned agrees, and by carrying an account for the undersigned you agree, that except as inconsistent with the foregoing sentence, all controversies which may arise between us concerning and transaction or the construction, performance, or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration. Any arbitration under this agreement shall be determined pursuant to the arbitration facility provided by any other exchange or the National Association of Securities Dealers, Inc. and in accordance with its rules then obtaining. The undersigned may elect in the first instance whether arbitration shall be by the American Arbitration Association or by the New York Stock Exchange, Inc., or other exchange or market facility, but if the undersigned fails to make such election, by registered letter or telegram addressed to you at your main office, before the expiration of five days after receipt of a written request from you to make such election, then you may make such election. The award of the arbitrators, or of the majority of them, shall be final, and judgement upon the award rendered may be entered in any court, state or federal, having jurisdiction.

On Friday afternoon, June 17, 1988, Thomas placed an order with Birchtree which, he claims, directed Birchtree to sell 50 Newmont Mining call options at a "sell at the market at the close" price. Birchtree used Shatkin–Lee to execute the order. The expiration date for the options was June 18, 1988. Instead of selling the call options, an order was placed to buy 50 options. When a dispute arose over this particular trade and Thomas failed to make payment in the account to cover the purchase, Shatkin–Lee notified Thomas of its intention to arbitrate. On January 10, 1989, counsel for Thomas advised Shatkin–Lee by letter that Thomas elected the American Arbitration Association to conduct the arbitration, which would be conducted in Kansas City according to commercial arbitration rules. Shatkin–Lee was also notified that Thomas intended to add Birchtree as an additional party to the proceeding as, "the forwarding broker involved in this matter."

The dispute went to arbitration with Thomas, Shatkin–Lee and Birchtree as participants in the arbitration proceedings. On July 24, 1989, the arbitrator entered an arbitration award in favor of Shatkin–Lee and Birchtree for $11,007.84 plus interest in the amount of $990.71. Birchtree and Shatkin–Lee applied to the circuit court for confirmation of the arbitration award pursuant to § 435.350, RSMo 1986. Thomas filed an answer and counterclaims. Birchtree and Shatkin–Lee then filed a motion for summary judgment which was subsequently granted by the circuit court. This appeal follows.

Rule 74.04 governs summary judgments. It states that the judgment, "shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c). Upon review, the record is scrutinized in the light most favorable to the party against whom the motion was filed. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987). The burden is on the party who moves for summary judgment to show that no genuine issue of material fact exists. *West v. Jacobs*, 790 S.W.2d 475, 479 (Mo.App.1990).

The issue before this court is whether or not the trial court properly granted sum-

mary judgment on the application to confirm the arbitration award. Thomas argues that summary judgment was wrongly granted due to irregularities in the arbitration proceedings. His argument is two-fold focusing on the status of Birchtree in regard to the arbitration proceeding and on the failure of Shatkin–Lee to bring proceedings in the name of its limited partnership. Neither claim is germane to this proceeding in that the focal point of this appeal is the confirmation of an arbitration award, not the arbitration proceeding itself. However meritorious (or not) that these claims may be, they are, in a sense, procedurally irrelevant, raised at a stage in the proceedings far beyond the time that they were ripe.

Missouri has adopted the Uniform Arbitration Act in Sections 435.350 to 435.470, RSMo 1986.[1] Section 435.400 specifically sets out that, "[u]pon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 435.405 and 435.410." As mentioned in the statute, time limits are imposed for challenging an arbitration award. Section 435.405.2 provides for time limits for a motion to vacate an award of "ninety days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety days after such grounds are known or should have been known." Section 435.410 also supplies a ninety day time limit for modifying or correcting an award. Thomas never challenged the award within the prescribed limits. His effort to do so now comes too late.

Thomas points out that he did request an explanation from the arbitrator but that the arbitrator refused to comment upon the decision. This is not the same however, as applying to vacate, modify or correct an award under §§ 435.405 and 435.410. Furthermore, the arbitrator's refusal to give his reasons for the decision was perfectly proper. "Generally, arbitrators are no more obligated to give reasons for an award than is a jury expected to explain a verdict." *Hamilton Metals, Inc. v. Blue Valley Metal Products Co.*, 763 S.W.2d 225, 227 (Mo.App.1988).

In addressing a labor dispute in which the limitations period of the Missouri Uniform Arbitration Act was adopted by the district court, the Eighth Circuit ruled that a challenge to an arbitration award came too late during an action to enforce the award. *Local 2, Int'l Bhd. of Elec. Workers, AFL–CIO v. Anderson Underground Constr., Inc.*, 907 F.2d 74 (8th Cir.1990). The court stated:

> Because the arbitration award was final in February, the ninety-day statute of limitations had run long before Local 2 filed its action to enforce the award. The rule is clear that "[Anderson's] failure to move to vacate the arbitration award within the prescribed [ninety-day] period precludes [Anderson] from seeking affirmative relief in a [later] action to enforce the award." *International Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962, 965–66 (10th Cir.1987) (citations omitted); *see also Sanders–Midwest, Inc. v. Midwest Pipe Fabricators*, 857 F.2d 1235, 1237 (8th Cir.1988).

*Id.* at 76.

Mr. Thomas's claims were not properly raised in the confirmation proceedings. His failure to raise said claims in a motion to vacate, modify or correct the award within the time limits prescribed by statute, precludes him from seeking affirmative relief now. There was no genuine issue of material fact before the trial court and it acted properly in granting the summary judgment motion. The judgment of the trial court is affirmed.

All concur.

---

1. All Statutory References are to RSMo, 1986 unless otherwise stated.