**AIR SHIELD REMODELERS, INC., Plaintiff/Appellant,**

v.

**Charles BIGGS and Jackie Biggs, Defendants/Respondents.**

No. 73054.

Missouri Court of Appeals, Eastern District, Division One.

June 9, 1998.

Gerald F. McGonagle, Kansas City, for appellant.

Dean L. Cooper, Gregory C. Mitchell, Jefferson City, for respondent.

GRIMM, Presiding Judge.

Plaintiff and defendants submitted their construction contractual disputes to arbitration. Two arbitration hearings and two separate awards resulted. In the first, plaintiff was awarded $1,045.57. In the second, although plaintiff's first award remained in place, defendants were awarded $560. At plaintiff's request, the circuit court confirmed the first award. However, it vacated the second award and denied plaintiff's motion to confirm.

On appeal, plaintiff alleges trial court error in refusing to confirm the second award. It contends defendants did not file a "timely and proper motion to vacate" and did not assert or prove any of the "statutorily enu-

merated grounds for vacating an award." We agree and reverse.[1]

## I. Background

In October 1993, plaintiff and defendants entered into a written agreement for improvements on a house defendants owned. In 1994, disputes between the parties were submitted to arbitration before the Construction Industries Mediation, Arbitration & Advisory Council (hereafter CIMAAC). This first arbitration concerned complaints about plaintiff's work and defendants' failure to pay amounts due under the contract. On August 12, 1994, Keith Patten, the arbitrator, entered an award in favor of plaintiff for $1,045.57 plus interest.

On October 11, 1994 plaintiff filed a motion to confirm the award in circuit court. In response, defendants filed an answer including a counterclaim for breach of contract. Plaintiff filed a motion to dismiss the counterclaim, contending that the arbitration award was a full and final settlement of all claims. On December 13, 1994, the circuit court granted plaintiff's motion for confirmation but denied its motion to dismiss defendants' counterclaim. The circuit court then granted plaintiff's motion to compel defendants to submit their counterclaim to arbitration.

Prior to the arbitration of the counterclaim, defendants filed a motion with the CIMAAC to disqualify Keith Patten as an arbitrator. The motion alleges Patten was the arbitrator in the first arbitration, that he is predisposed and biased in favor of plaintiff, and that he should therefore be disqualified.

In November 1996, three arbitrators, including Keith Patten, were impaneled for the second arbitration and they unanimously denied defendants' motion to disqualify. Two of the three arbitrators granted defendants an award of $560, but said that "this judgment in no way affects or alters the arbitrated judgment on the original claim in favor of [plaintiff] dated 8/12/94."

On January 13, 1997, plaintiff filed a motion requesting the circuit court "to enter its order declaring and adjudging that the arbitration award confirmed on December 13, 1994 be declared a final judgment." On January 28, 1997, defendants filed their objection to entry of final judgment and asked that the two arbitration awards be set aside. On March 3, 1997, the circuit court denied plaintiff's motion for entry of final judgment.

On June 3, 1997, defendants filed a motion to submit the counterclaim to an independent arbitrator or, in the alternative, for a trial setting. Plaintiff filed a response objecting to the requested relief because defendants had not filed a timely and proper motion to vacate. In addition, plaintiff filed a motion to confirm the second award in the circuit court. On August 1, 1997, the circuit court entered an order denying plaintiff's motion to confirm, vacated the arbitrator's award on the counterclaim, and directed the parties to submit the counterclaim to an arbitrator to be determined by the court.

## II. Circuit Court Erred by Vacating Second Award

Plaintiff alleges the circuit court erred when it "vacated and refused to confirm the second arbitration award because no timely and proper motion to vacate had been [filed] and none of the statutorily-enumerated grounds for vacating an award were asserted or proven."

Before reaching plaintiff's point, we first consider defendants' argument that the circuit court's order does not "contain the necessary language to make [it] final and appealable." They contend that because the circuit court's order directed further arbitration and the order does not state "that there is no just reason for delay," the order does not meet the requirements of Rule 74.01(b).

Section 435.440.1(3)[2] provides that an appeal may be taken from an order confirming or denying confirmation of an arbitration award. Section 435.440.2 provides that appeals shall be taken in the same manner and

---

1. Defendants' motion to stay appeal and for remand to trial court for further proceedings, ordered taken with the case, is denied.

2. All statutory references are to RSMo 1994.

to the same extent as from orders or judgments in a civil action.

An order somewhat similar to the one before us confronted our southern district colleagues in *National Ave. Bldg. Co. v. Stewart*, 910 S.W.2d 334 (Mo.App. S.D.1995). There, an issue was raised whether an order was appealable when the circuit court (1) denied confirmation of the award, (2) vacated the award, and (3) directed a rehearing before a new panel of arbitrators. *Id.* at 338. The *Stewart* court noted that denying confirmation and vacating the award clearly were bases for appealing. It concluded that directing a rehearing before a new panel did not extinguish the right to appeal and therefore denied the motion to dismiss the appeal. *Id.* at 341.

In the case before us, the circuit court (1) denied the confirmation of the second award, (2) vacated that award, and (3) directed that the counterclaim be submitted to arbitration before a new panel. Thus, the order here is very similar to the one entered in *Stewart*. Therefore, compatible with the holding in *Stewart*, we deny defendants' motion to dismiss the appeal.

 We turn now to the substance of plaintiff's argument. It contends that defendants did not file a "timely and proper motion to vacate" and that they did not prove any statutorily-enumerated grounds for vacating the award.

 Judicial review of arbitration awards is limited. *Stewart*, 910 S.W.2d at 342. Section 435.405 provides a court shall vacate an award where:

(1) [t]he award was procured by corruption, fraud or other undue means;

(2) [t]here was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) [t]he arbitrators exceeded their powers;

(4) [t]he arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 435.370, as to prejudice substantially the rights of a party; or

(5) [t]here was no arbitration agreement and the issue was not adversely determined in proceedings under section 435.355 and the party did not participate in the arbitration hearing without raising the objection. . . .

 In vacating an arbitration award, the judiciary is limited to the grounds set forth above. *Stifel, Nicolaus and Co., Inc. v. Francis*, 872 S.W.2d 484, 486 (Mo.App.W.D. 1994); *Western Waterproofing Co. v. Lindenwood Colleges*, 662 S.W.2d 288, 292 (Mo.App. E.D.1983) (recognizing that some federal decisions also permit vacating an award for a manifest disregard of the law). The party challenging the award has the burden of demonstrating its invalidity. *R.L. Hulett & Co. v. Barth*, 884 S.W.2d 309, 311 (Mo.App. E.D.1994).

In their brief, defendants argue that their pleadings sufficiently alleged "evident partiality by an arbitrator appointed as a neutral." Section 435.405.1(2). We will assume, without deciding, that defendants' allegations in their pleadings were sufficient to be treated as a motion to vacate under section 435.404. Nevertheless, the record does not contain any evidence supporting these allegations.

Plaintiff's motion to confirm the award and defendants' pleadings which we are treating as a motion to vacate were noticed for hearing on July 9, 1997. Plaintiff's brief states, and defendants do not contend otherwise, that defendants did not present any evidence in support of their pleadings at that time or thereafter. Because mere allegations in pleadings are insufficient to establish invalidity of an award, the record does not contain any evidence to support their allegation of "evident partiality" of arbitrator Patten. *See, Pope Const. Co. v. State Highway Commission*, 230 Mo.App. 502, 92 S.W.2d 974, 976–77 (1936); *Stockade Enterprises v. Ahl*, 273 Mont. 520, 905 P.2d 156, 157–58 (1995).

 Moreover, even assuming arguendo that defendants' allegations were established, they do not prove "evident partiality" of the arbitrator under section 435.405. To make

such a showing, the interest or bias of the arbitrator must be direct, definite and capable of demonstration, rather than remote, uncertain or speculative. Stewart, 910 S.W.2d at 343. Furthermore, an arbitrator is not precluded from developing views regarding the merits of a dispute early in the proceedings, and an award will not be vacated on the ground of evident partiality because an arbitrator expresses his views. Id. Here, the allegations are that "Patten has, by his words, actions and arbitration award, indicated his predisposition" and that defendants "verily believe" Patten cannot be unbiased in his rulings. These allegations do not establish evident partiality.

The trial court's decision is reversed and remanded with directions to enter an order confirming the November 1996 arbitration award.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.