Dana GROCEMAN, et al., Respondent,

v.

PULTE HOMES CORPORATION,
et al., Appellant.

No. WD 59110.

Missouri Court of Appeals,
Western District.

Aug. 21, 2001.

Leland H. Corley, Kansas City, for appellant.

Gene P. Graham, Jr., Independence, for respondent.

Before ULRICH, P.J., BRECKENRIDGE, J. and ELLIS, J.

ULRICH, Judge.

Pulte Homes Corporation (Pulte) appeals from the judgment of the trial court confirming an arbitration award in favor of Dana and Karen Groceman. Pulte claims that the arbitrator's award of compensatory and punitive damages was in manifest disregard of the law. The judgment of the trial court is affirmed.

### Facts

In October 1994, Dana and Karen Groceman purchased a single family home in Lee's Summit constructed by Pulte. The purchase price was $107,000. A warranty deed conveyed title of the property to the Grocemans in December 1994.

In the spring of 1998, the Grocemans filed suit for damages against Pulte and J.C. Nichols Real Estate, the sales agent for Pulte.[1] The petition alleged that the house constructed by Pulte suffered from a number of structural deficiencies includ-

---

1. J.C. Nichols Real Estate was subsequently dismissed from the action pursuant to the parties' joint stipulation that Pulte would be responsible for any representations made by J.C. Nichols's employee in connection with the sale of the home to the Grocemans.

ing a downward deflection of the roof, inadequate rafters and roof framing, and cracks in the ceiling. The petition pleaded five counts: fraud and misrepresentation, negligent misrepresentation, breach of contract, professional negligence, and breach of warranty of habitability. Thereafter, Pulte filed a motion to dismiss or, in the alternative, to compel arbitration and stay the action arguing that the purchase agreement provided for arbitration under the Federal Arbitration Act of any disputes arising under the agreement. The Grocemans consented to a stay of the court proceedings and to arbitration. The trial court granted Pulte's motion in July 1998 and directed the parties to proceed with arbitration.

The parties selected an arbitrator, and a hearing was held for two days in August 1999 at which the parties presented evidence. The arbitrator returned his award in January 2000. The award granted the Grocemans $50,000 in compensatory damages and $50,000 in punitive damages.

Thereafter, the Grocemans filed an application for confirmation of the arbitrator's award in the trial court. Pulte filed a motion to vacate the arbitration award arguing that the award reflected a manifest disregard of the law. The trial court entered its judgment confirming the award in August 2000. This appeal by Pulte followed.

### Points On Appeal

Pulte raises three points on appeal. In its first point, it claims that the trial court erred in confirming the arbitration award because the award of compensatory damages was made in manifest disregard for the law. Specifically, it asserts that the award was based on a legally incorrect measure of damages, namely benefit of the bargain. In making this argument, Pulte cites to the arbitrator's finding that "the present value of their home is $90,000 and[ ] comparable homes in that neighborhood are selling in the neighborhood of $129,000 to $144,000." In its second and third points, Pulte claims that the award of punitive damages was also made in manifest disregard of the law. Specifically, it contends that the arbitrator's finding that the sales agent "did not know the truth or falsity of her statements" did not support an award of punitive damages under the theories of either breach of contract or fraud.

### Standard of Review

In reviewing a trial court's judgment confirming an arbitration award, an appellate court accepts the trial court's findings of fact unless they are clearly erroneous and decides questions of law *de novo*. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947–948, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Judicial review of an arbitration award is extremely limited. *Wilko v. Swan*, 346 U.S. 427, 436, 74 S.Ct. 182, 98 L.Ed. 168 (1953), *overruled on other grounds by Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989); *Val–U Constr. Co. v. Rosebud Sioux Tribe*, 146 F.3d 573, 578 (8th Cir.1998). The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.* (1999),[2]

2. Pulte claims and the Grocemans do not dispute that the FAA and not the Missouri Uniform Arbitration Act, section 435.350 *et seq.*, RSMo 2000, is applicable in this case. The FAA is applicable in this case because the purchase agreement evinced a transaction "involving commerce." *Edward D. Jones & Co. v. Schwartz*, 969 S.W.2d 788, 793 (Mo. App. W.D.1998). Federal courts have found

interstate commerce involved in cases where the contracting parties resided in different states, the U.S. Postal System was used, employees crossed state lines, or materials were transported across state lines. *Id.* Pulte is a Michigan corporation registered and doing business in Missouri. It is engaged in the construction of new homes throughout the

sets forth the grounds for which a court may vacate an arbitration award. 9 U.S.C. § 10; *Kaplan,* 514 U.S. at 942, 115 S.Ct. 1920. Section 10 of the FAA provides:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C. § 10(a). In addition to the grounds specified in the FAA, a court may also vacate an arbitration award that evinces a manifest disregard of the law.[3] *Kaplan,* 514 U.S. at 942, 115 S.Ct. 1920;

greater Kansas City metropolitan area in both Missouri and Kansas. It maintains its office in Kansas. Additionally, Pulte constructed the Groceman's house utilizing materials purchased in a number of states and shipped to the job site in Lee's Summit.

*Hoffman v. Cargill Inc.,* 236 F.3d 458, 461 (8th Cir.2001); *Schwartz,* 969 S.W.2d at 795. The complaining party must establish that the arbitrator understood and correctly stated the law but proceeded to ignore it. *Hoffman,* 236 F.3d at 462; *Schwartz,* 969 S.W.2d at 795. An award may not be set aside simply because the arbitrator erred in interpreting the law or in determining the facts. *Hoffman,* 236 F.3d at 462. A party challenging an arbitration award is not entitled to have a reconsideration of the merits and bears the burden of demonstrating the invalidity of the award. *Holman v. Trans World Airlines Inc.,* 737 F.Supp. 527, 530 (E.D.Mo. 1989).

## Analysis

Pulte has failed to demonstrate that the arbitrator manifestly disregarded the law in entering the award in favor of the Grocemans. Its arguments that the arbitrator erroneously relied on specific findings of fact to make his award of compensatory and punitive damages are purely speculative. While the arbitrator did recite some findings of fact, his recitation, although noting some matters important to him, was not an intended comprehensive explanation for his decision. He did not clearly delineate the law applied or the analysis used in reaching his decision. The arbitrator's failure to state succinctly and inclusively all precepts of law and to apply the law to the facts in this case, however, did not invalidate the award. The arbitrator was not required to explain his decision. *PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship,* 187 F.3d 988,

**3.** The concept of "manifest disregard of the law" is a judicially created basis for vacating an arbitration award made under the FAA. *Wilko,* 346 U.S. at 436–437, 74 S.Ct. 182. Missouri courts do not recognize it as a basis for vacating an arbitration award made under the Missouri Act. *Schwartz,* 969 S.W.2d at 794–795.

994 (8th Cir.1999), *cert. denied,* 529 U.S. 1020, 120 S.Ct. 1421, 146 L.Ed.2d 313 (2000). And the arbitrator was not required to write a legal opinion justifying his award. To conclude that a court may substitute its own judgment for the arbitrator's decision where the arbitrator chooses not to explain the award would improperly subvert the proper functioning of the arbitration process. *Bunzl Distrib. USA, Inc. v. Dewberry,* — F.3d —, —, No. 00–2325, 2001 WL 649482, at *2 (8th Cir. June 11, 2001). Absent an express explanation for the award, Pulte has failed to establish that the arbitrator understood and correctly stated the law but proceeded to ignore it. The trial court, therefore, did not err in confirming the arbitration award. The points are denied.

The judgment of the trial court confirming the arbitration award is affirmed.

BRECKENRIDGE, J. and ELLIS, J. concur.