Kevin E. DECKER, Respondent,

v.

Joel R. KAMIL and Kamil, Decker & Company, P.C., Appellant.

No. ED 80991.

Missouri Court of Appeals, Eastern District, Division One.

March 18, 2003.

J. Richard McEachern, St. Louis, MO, for appellant.

Gregory F. Herkert, James T. Barry, Jr., Clayton, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Kevin E. Decker (hereinafter, "Decker") and Joel R. Kamil (hereinafter, "Kamil") incorporated their public accounting firm, Kamil, Decker & Co., P.C. In January 2001, Decker and Kamil sought arbitration to divide the firm's assets and liabilities. Kamil and Kamil, Decker & Co., P.C. (hereinafter and collectively, "Appellant") appeal from the judgment entered confirming an arbitration award dividing the corporation's assets and liabilities. Appellant appeals the trial court's judgment affirming the arbitration award claiming the award should have been amended due to a miscalculation. We affirm.

Kamil and Decker, certified public accountants, owned Kamil, Decker & Co., P.C., a public accounting firm. In May 1996, the parties incorporated the firm with Kamil and Decker each owning fifty percent of the corporation. In March 1998, Kamil and Decker ceased performing services as employees of the corporation and commenced performing services for their own respective entities effectively dissolving the corporation. Litigation followed to determine the division of assets and liabilities.

Decker filed a petition in the Circuit Court of St. Louis County against Appellant for breach of fiduciary duty in January 1999, claiming Kamil failed to collect the corporation's accounts receivable and works-in-process. Decker also asserted claims for corporate dissolution, replevin, and conversion. Appellant filed an answer and counterclaim against Decker for conversion and intentional interference with corporate activities.

In January 2001, Appellant and Decker agreed to arbitrate all matters pending before the trial court. Appellant and Decker chose Ira Bergman (hereinafter, "Arbitrator"), a certified public accountant,

to arbitrate and come to an equitable division of the corporation. They met Arbitrator and supplied him with voluminous business records. Following their primary meeting, Arbitrator conversed with them by telephone to discuss any additional, relevant matters. On August 30, 2001, Arbitrator entered his award ordering Appellant to pay Decker the sum of $27,397.00.

Decker filed a motion in the trial court to confirm the award and to enter judgment in conformance with the award. Appellant timely filed a motion to vacate, modify, or correct the award pursuant to Sections 435.405 and 435.410 RSMo (2002).[1] The trial court denied Decker's motion and ordered Arbitrator to file a further award stating whether he had taken into account Kamil's alleged cash contributions.

On January 16, 2002, Arbitrator filed his further award stating he considered the alleged cash contributions and that the award was correct. On March 21, 2002, the trial court denied Appellant's motion and entered its judgment confirming the award of Arbitrator. This appeal follows.

 Appellate review of a trial court's judgment confirming an arbitration award is "strictly limited." *CPK/Kupper Parker Communications, Inc. v. HGL/L Gail Hart,* 51 S.W.3d 881, 883 (Mo.App. E.D. 2001). The scope of judicial review of an arbitration award "is among the narrowest known to the law." *Id.* at 883–884 (*citing Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7,* 886 F.2d 275, 276 (10th Cir.1989)). This Court will accept the trial court's findings of fact unless they are clearly erroneous, and we will decide questions of law *de novo. Groceman v. Pulte Homes Corporation,* 53 S.W.3d 599, 601 (Mo.App. W.D. 2001). A party challenging an arbitration

award on appeal is not entitled to reconsideration of the merits of the case and bears the burden of proving the invalidity of the award. *Id.* at 602.

Appellant claims in the sole point relied on that the trial court erred in failing to modify the award pursuant to Section 435.410(1). Kamil claims he made a $25,000.00 capital contribution to the corporation which Arbitrator failed to account for when declaring his award, and the trial court erred by failing to modify an evident miscalculation.

 Section 435.410(1) permits a party to an arbitration to apply for modification or correction of the award within 90 days of delivery of the award. Only where there was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award however, may the award be modified or corrected. Section 435.410(1). The Uniform Arbitration Act's purpose is to efficiently reach a final, binding decision. *Sheffield Assembly of God Church, Inc. v. American Ins. Co.,* 870 S.W.2d 926, 929 (Mo.App. W.D.1994) (*citing Western Waterproofing Co. v. Lindenwood Colleges,* 662 S.W.2d 288, 291 (Mo. App. E.D.1983)). "An arbitration award, regular on its face, not the result of fraud or collusion, finally concludes and binds the parties on the merits of all matters properly within the scope of the award, both as to law and facts, and the courts will have no inquiry as to whether the determination thereon was right or wrong, for the purpose of interfering with the award." *Masonic Temple Ass'n v. Farrar,* 422 S.W.2d 95, 109 (Mo.App.St.L.Dist. 1967).

 Prior to confirming the award, the trial court asked Arbitrator to state wheth-

---

1. All further statutory references are to RSMo (2002).

er he had considered Kamil's cash contributions to the corporation and if not, correct the award accordingly. Arbitrator confirmed there was no miscalculation of his award by stating he considered Kamil's "alleged" cash advances. Since there was no evident miscalculation, the trial court was not clearly erroneous in confirming the award.

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.