**Timothy O. DOYLE and Curticine E. Doyle, Respondents,**

v.

**Jeffrey THOMAS, d/b/a Jeff Thomas Contracting, Inc., Appellant.**

**No. ED 82105.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 30, 2003.

Thomas G. Berndsen, Jenkins & Kling, P.C., St. Louis, MO, for appellant.

Warren W. Friedman, Scott D. Mosier, Friedman and Mosier, St. Louis, MO, for respondent.

GARY M. GAERTNER, SR., Judge.

Appellant, Jeffrey Thomas, d/b/a Jeff Thomas Contracting, Inc., ("defendant") appeals the judgment of the Circuit Court of St. Louis County confirming an arbitrator's award in favor of respondents, Timothy O. Doyle and Curticine E. Doyle ("plaintiffs"). The arbitrator's award, confirmed by the trial court, awarded plaintiffs $85,780 for their claim against defendant plus $12,000 for attorney's fees and $3,600 for administrative fees and expenses. We affirm.

In October of 1999, plaintiffs entered into a contract with defendant for the construction and purchase of a new home. A dispute arose concerning the parties' performance under the contract and plaintiffs filed an arbitration action against defendant. Defendant filed a counterclaim against plaintiffs. An arbitration hearing was held; however, after the withdrawal and substitution of his counsel, defendant failed to appear at the arbitration hearing.

On May 4, 2001, the arbitrator, after finding the contract contained an arbitra-

tion clause, awarded plaintiffs $85,780 on their claim against defendant. The arbitrator awarded defendant $0 for his counterclaim against plaintiffs. Defendant was also ordered to pay plaintiffs $12,000 for attorney's fees and $3,600 for administrative fees and expenses. The sums were to be paid within ninety days from the award.

On June 4, 2001, plaintiffs filed a "PETITION TO CONFIRM ARBITRATION AWARD." A summons was issued for defendant and returned indicating valid service. Defendant did not respond to the petition and plaintiffs filed a motion for default judgment. The motion for default judgment was granted on August 21, 2001. Subsequently, writs of execution were issued.

On April 5, 2002, defendant filed a "MOTION TO VACATE AND SET ASIDE DEFAULT JUDGMENT, TO QUASH AND VACATE WRITS OF EXECUTION, AND TO VACATE ARBITRATOR'S AWARD." Defendant's motion was primarily devoted to arguing the default judgment should be set aside because of defective service of process. However, defendant, in one paragraph of the motion, claimed the arbitrator's award should be vacated because it was "defective and invalid on its face in that it show[ed] that it was not delivered to [d]efendant personally or by registered mail as required by [section 435.385.1, RSMo 2000] and, accordingly, was not received by [d]efendant and [d]efendant was deprived of his statutory rights to seek a correction or modification of [sic] thereof."

The trial court held a hearing on defendant's motion. At the hearing defendant testified he received a copy of the arbitrator's award "the first part of April" in 2002. After the hearing, the trial court set aside the default judgment and quashed the writs of execution, but denied defendant's request to vacate the arbitrator's award.

Following the trial court's decision to set aside the default judgment, an alias summons was requested for service on defendant. The alias summons was issued to defendant and returned served on June 10, 2002. Defendant was served with plaintiffs' "PETITION TO CONFIRM ARBITRATION AWARD." On July 8, 2002, defendant filed a motion to dismiss plaintiffs' petition for failure to state a claim upon which relief could be granted.

On September 11, 2002, plaintiffs filed a "MOTION TO CONFIRM AWARD." The motion argued plaintiffs were entitled to a judgment as a matter of law pursuant to selected sections of the Uniform Arbitration Act of Missouri.

On September 17, 2002, plaintiffs' motion to confirm the award and defendant's motion to dismiss were called, heard, and taken under submission. Subsequently, plaintiffs filed a memorandum in support of their motion to confirm the award.

On October 8, 2002, without trial, the trial court granted plaintiffs' motion and confirmed the award of the arbitrator. Defendant's motion to dismiss was denied. Defendant appeals.

Defendant's sole point on appeal argues the trial court erred in entering judgment against him because the judgment was entered on the pleadings and the case was not ripe for adjudication. We disagree.

We must first determine whether the Uniform Arbitration Act of Missouri, section 435.350 *et seq.*, RSMo 2000,[1] applies in this case. Section 435.465.1 states that the Uniform Arbitration Act shall apply only to "written agreements between commercial persons ... involving the submission

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

of any existing controversy to arbitration...." "[C]ommercial persons" is defined as "all persons and legal entities." Section 435.465.2.

Plaintiffs and defendant are commercial persons under the definition of the Uniform Arbitration Act. Plaintiffs and defendant entered into a written agreement which contained an arbitration clause. The controversy between plaintiffs and defendant was submitted to arbitration. Therefore, we find that the Uniform Arbitration Act applies, based upon the circumstances of this case.

Section 435.440.1, provides that an appeal may be taken from an order confirming an arbitration award. Section 435.440.1. Section 435.440.2 provides that an appeal shall be taken in the same manner and to the same extent as orders or judgments in civil actions. Section 435.440.2.

The trial court entered a judgment confirming the arbitration award. Thus, we have jurisdiction to review the confirmation of the arbitration award.

The trial court's review of arbitration awards is limited. *Air Shield Remodelers, Inc. v. Biggs,* 969 S.W.2d 315, 317 (Mo.App. E.D.1998). Upon application of a party, the trial court *shall* confirm an award, unless the party opposing the confirmation of the award cites grounds for vacating, modifying, or correcting the award. Section 435.405 (emphasis added).

A party wishing to vacate an award must make application to the trial court within ninety days after delivery of a copy of the award to the party. Section 435.405.2. The trial court *shall* vacate an award where: " 1) the award was procured by corruption, fraud or other undue means; 2) there was evident partiality by the arbitrator appointed as a neutral or corruption of the arbitrator or misconduct

prejudicing the rights of any party; 3) the arbitrator exceeded his or her powers; 4) the arbitrator refused to postpone the hearing upon sufficient cause being shown or refused to hear evidence material to the controversy or otherwise conducted the hearing so as to substantially prejudice the rights of a party; or 5) there was no arbitration agreement and the issue was not adversely determined in proceedings to compel or stay arbitration and the party did not participate in the arbitration hearing without raising the objection." Section 435.405.1 (emphasis added). In vacating an arbitration award, the trial court is limited to the grounds set forth above. *Air Shield Remodelers, Inc.,* 969 S.W.2d at 317. The party challenging the arbitration award has the burden of demonstrating its invalidity. *Id.* If the application to vacate is denied and no motion to modify or correct the award is pending the trial court *shall* confirm the award. Section 435.405.4 (emphasis added).

A party wishing to modify or correct an award must make application to the trial court within ninety days after delivery of a copy of the award to the party. Section 435.410.1. The trial court *shall* modify or correct the arbitration award where: 1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; 2) the arbitrator awarded upon a matter not submitted and the award may be corrected without affecting the merits of the decision upon the issues submitted; or 3) the award is imperfect in a matter of form. *Id.* (emphasis added).

Defendant filed one motion to vacate the award with the trial court. Although there is some dispute as to whether defendant's motion to vacate was timely filed we will assume it was timely for this opinion. Defendant testified he did not receive a

copy of the award until "the first part of April" in 2002; therefore, defendant had ninety days pursuant to section 435.405.2 to make an application to the trial court to vacate the award. Defendant filed, as part of his motion to set aside the default judgment, a motion to vacate the award. The motion was filed on April 5, 2002, which was within the ninety-day time limit imposed by section 435.405.2.

However, the trial court denied defendant's motion to vacate on June 3, 2002. Defendant's motion to vacate did not cite any of the specific grounds listed in section 435.405.1 to vacate the award. Instead, defendant asserted the award was defective and invalid because it showed on its face it was not delivered to him personally or by registered mail. Therefore, defendant argued the award was not received and he was deprived of his statutory rights to seek correction or modification of the award.

■ First, the trial court is limited to vacating an award based on the specific grounds set out in section 435.405.1. Defendant, who has the burden to demonstrate the invalidity of the award, did not cite to any of the grounds set forth in section 435.405.1. Defendant did not meet his burden to show the invalidity of the award. Second, the argument that defendant did set forth in his motion to vacate was contradicted by his own testimony at the hearing on his motion. Defendant admitted he received a copy of the arbitrator's award in "the first part of April" 2002. Defendant was not deprived of his statutory rights to seek correction or modification of the award, defendant simply never filed a motion to correct or modify the award after he received a copy of the award in "the first part of April" 2002.

■ On September 11, 2002, plaintiffs filed a motion to confirm the award. Defendant filed no response to this motion.

Specifically, no motion to modify or correct the award was filed by defendant. Therefore, pursuant to section 435.405.4, it was proper for the trial court to confirm the award because defendant's motion to vacate had previously been denied and no motions to modify or correct the award were pending. The statutes are clear; the trial court *shall* confirm the award, unless the party opposing the confirmation of the award imposes grounds for vacating, modifying, or correcting the award.

Defendant contends that he was denied the opportunity to file his answer or affirmative defenses or, in the alternative, plaintiffs' motion to confirm the award should have been treated as a motion for summary judgment. Plaintiff cites to Rules 55.27(b) and 74.04 in support of his arguments.

However, as stated above, this case is controlled by the Uniform Arbitration Act of Missouri. Section 435.425 of the Uniform Arbitration Act, states the following:

> Except as otherwise provided, an application to the [trial] court under [the Uniform Arbitration Act], *shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions.* Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of a summons in an action. Section 435.425 (emphasis added).

Defendant's proper recourse would have been to file motions to vacate, modify, or correct the award based upon the specific grounds listed in sections 435.405.1 and 435.410.1. Defendant failed to do this. Therefore, the trial court did not error in granting plaintiffs' motion to confirm the award of the arbitrator.

Based on the foregoing, we affirm the judgment of the trial court.

PAUL J. SIMON, P.J. and KATHIANNE KNAUP CRANE, J., concur.