**ASSET ACCEPTANCE LLC, Assignee of Bank of America, Respondent,**

v.

**Chris SCHAUMANN, Appellant.**

No. ED 94619.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 14, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 25, 2011.

Application for Transfer Denied
March 29, 2011.

Mitchell Stoddard, St. Louis, MO, for appellant.

William Whealan, Jr., Stephen Barber Co–Counsel, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Judge.

## Introduction

Chris Schaumann (hereinafter, "Appellant") appeals from the trial court's judgment granting Asset Acceptance, LLC's (hereinafter, "Respondent") petition to confirm an arbitration award. Appellant raises three points on appeal. We affirm.

## Discussion

Respondent filed an arbitration claim against Appellant alleging Appellant was in default on his MBNA America credit card in the amount of $3,810.49. In its claim, Respondent stated Appellant's credit card account was sold by MBNA America to Respondent "with a transfer of all right, title and interest thereto." On December 3, 2008, the arbitrator issued an award in Respondent's favor. The arbitrator found the claim was served properly on Appellant, and the arbitration agreement was valid and enforceable.

On May 20, 2009, Respondent filed a petition to confirm the arbitration award with the trial court and attached a copy of the award thereto. Appellant was served a copy of the petition on June 5, 2009. Counsel entered his appearance on Appellant's behalf on June 22, 2009. Appellant subsequently filed: (1) an answer and affirmative defenses on June 22, 2009; (2) a trial brief and request for findings of fact and conclusions of law on February 9, 2009; and (3) a supplemental response to Respondent's petition on March 16, 2010. In these pleadings, Appellant argued the arbitration award was improper on three grounds. First, Respondent lacked standing to sue. Second, Respondent failed to attach a copy of the arbitration agreement to its arbitration claim. Third, the arbitrator failed to deliver a copy of the arbitra-

tion award to Appellant personally or by registered mail.

In his affidavit dated January 29, 2010, Appellant stated he first received notice that Respondent had brought legal action against him when he was served with Respondent's petition to confirm the arbitration award. Appellant denied having any knowledge of an arbitration proceeding against him prior to June 5, 2009. Furthermore, Appellant claimed: "Prior to June 5, 2009, I never saw or received the Award which was attached to [Respondent's] Petition, and I had no knowledge that such an Award had been entered against me. The first time I became aware of the Award is after I was served with [ Respondent's] Petition."

On March 23, 2010, the trial court confirmed the arbitration award, finding Appellant failed to file a motion to vacate the award in accordance with Section 435.405.2 RSMo (2000).[1] The trial court found Appellant had not filed a motion to vacate as of February 23, 2010, despite being served with a copy of Respondent's petition and being represented by counsel. Furthermore, Appellant's counsel acknowledged at the petition hearing that a motion to vacate had not been filed.

Courts favor and encourage arbitration proceedings. *Cornerstone Propane, LP v. Precision Invs., LLC*, 126 S.W.3d 419, 423 (Mo.App. S.D.2004). "The object of arbitration is to obtain a settlement that will put an end to the dispute; therefore, every reasonable meaning is indulged in favor of an arbitration award." *Id.* Judicial review of arbitration awards is "strictly limited." *Decker v. Kamil*, 100 S.W.3d 115, 117 (Mo.App. E.D.2003). This Court will accept the trial court's findings of fact unless they are clearly erroneous, and we will decide questions of law *de*

---

**1.** All statutory references are to RSMo (2000)     unless otherwise indicated.

*novo. Id.* A party challenging an arbitration award on appeal is not entitled to reconsideration of the merits of the case and bears the burden of proving the invalidity of the award. *Id.*

■ "Upon application of a party, the trial court *shall* confirm an award, unless the party opposing the confirmation of the award cites grounds for vacating, modifying, or correcting the award." *Doyle v. Thomas,* 109 S.W.3d 215, 218 (Mo.App. E.D.2003); Section 435.405. A party who wishes to vacate an arbitration award must submit an application to the trial court "within ninety days after delivery of a copy of the award to the applicant." Section 435.405.2; *see also* Section 435.410 (imposing a ninety-day limit for application to modify or correct an arbitration award). The trial court shall vacate an arbitration award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor [sic] or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 435.370, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings pursuant to section 435.355 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

Section 435.405.1. In vacating an arbitration award, courts are limited to the grounds set forth in Section 435.405.1. *Air Shield Remodelers, Inc. v. Biggs,* 969 S.W.2d 315, 317 (Mo.App. E.D.1998).

■ Appellant concedes he never filed a motion to vacate, modify, or correct the award. While Appellant maintains that prior to being served on June 5, 2009, he "never saw or received the Award which was attached to [Respondent's] Petition," over nine months passed between Appellant being served with Respondent's Petition and the trial court entering its judgment on March 23, 2010. Thus, in accordance with Section 435.405, Appellant could have filed a motion to vacate within ninety days of receiving a copy of the Award as attached to Respondent's petition. Appellant's failure to raise his claims in a motion to vacate, modify, or correct the award within the time limits prescribed by Section 435.405 precludes him from seeking affirmative relief now. *Birchtree Fin. Servs., Inc. v. Thomas,* 821 S.W.2d 120, 122 (Mo.App. W.D.1991); *see also Seltsam v. Stein,* 950 S.W.2d 556, 557 (Mo. App. E.D.1997)("Failure to move to vacate the arbitration award within ninety day days bars [appellant] from thereafter doing so.").

■ Even if this Court were to treat gratuitously Appellant's pleadings as a motion to vacate, Appellant failed to meet his burden of demonstrating the invalidity of the arbitration award. *See Air Shield Remodelers, Inc.,* 969 S.W.2d at 317 ("We will assume, without deciding, that defendants' allegations in their pleadings were sufficient to be treated as a motion to vacate under [S]ection 435.404[sic].". Appellant asserted three affirmative defenses: (1) Respondent lacked standing to bring suit;

(2) Respondent failed to attach a copy of the arbitration agreement upon which it claims the arbitration award was entered; and (3) The arbitrator failed to deliver a copy of the arbitration award to Appellant personally or by registered mail as required by Section 435.385.1. Appellant's pleadings did not cite to any of the specific grounds listed in Section 435.405.1 to vacate the award. *See Doyle,* 109 S.W.3d at 219 (holding the defendant did not meet his burden of showing the invalidity of the arbitration award by failing to cite to any of the grounds set forth in Section 435.405.1). Thus, Appellant did not meet his burden of showing the invalidity of the arbitration award by failing to cite to the grounds set forth in Section 435.405.1. *See Doyle,* 109 S.W.3d at 219.

The judgment of the trial court is affirmed.

GLENN A. NORTON, P.J., and KATHIANNE KNAUP CRANE, J., concur.