# Missouri Court of Appeals
## Southern District
### Division One


In Re The Arbitration Of: )
CHARLES SCOTT EARLS and )
LISA MARIE EARLS, )
 )
      Petitioners-Appellants, )
 )
v. )    No. SD33547
 )    Filed: 11-13-15
NORTHPOINTE DEVELOPMENT )
COMPANY, LLC, )
 )
      Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Carr L. Woods, Senior Judge

## REVERSED AND REMANDED WITH INSTRUCTIONS

Charles and Lisa Earls (hereinafter referred to individually by their first names and collectively as the Earls) appeal from a judgment confirming an arbitration award in their favor against Northpointe Development Company, LLC (Northpointe). The trial court registered the judgment with limiting language that purported to prevent the judgment from acting as a lien on real estate. Presenting two points on appeal, the Earls contend the trial court erred by registering the judgment with the limiting language because: (1) the arbitration award did not contain the limitation, and Northpointe did not

file a motion to modify the award as required by § 435.410; and (2) § 511.350 mandates that a circuit court judgment shall be a lien on real estate, located within that county, of the person against whom the judgment was entered.[1]  Both points have merit.  The judgment is reversed, and the cause is remanded with instructions to register the judgment without the limiting language.

### Factual and Procedural Background

The Earls and Northpointe were parties to an arbitration agreement.  A dispute arose between the parties concerning the operating agreement of Northpointe.  Pursuant to the arbitration agreement, an arbitrator from the American Arbitration Association (AAA) was designated to arbitrate the dispute.

After conducting a hearing on the matter, the arbitrator found in the Earls' favor and awarded them $176,655.  Insofar as relevant here, the arbitrator determined that Charles was no longer a member of Northpointe, and "hereafter neither entitled to the benefits nor burdens of membership[.]"  The arbitrator ordered that no distributions be made by Northpointe to its members without first securing a waiver or release of the Earls' prior personal obligations and guarantees from Northpointe's lenders.  The arbitration award stated that Charles did not have "any status other than as an unsecured creditor" of Northpointe.

At some point not disclosed by the record, the Earls filed a *lis pendens* against real estate owned by Northpointe, but neither party raised the issue during arbitration.  Following entry of the award, Northpointe filed a motion to clarify the legal effect of the

---

[1] All statutory references are to RSMo (2000), except § 511.350.  References to that statute are to RSMo Cum. Supp. (2013).  All rule references are to Missouri Court Rules (2015).

pending *lis pendens*. In an order on the motion to clarify, the arbitrator stated that "by providing the monetary obligation to have the status it did, the arbitrator would presume any lis pendens would be withdrawn without prejudice or immediately limited to the terms of the award[.]" The arbitrator explained:

> The arbitrator presumed that one or the other or both parties would quickly proceed to judicial action under [RSMo] sections 435.400 and 435.415, or 435.405 or 435.410 as contemplated by AAA Rule 52. A judgment envisioned by Rule 52 and by Missouri statute, if confirmed, would likely give far better notice to any title company and prospective purchaser of land owned by [Northpointe]. …The award was clear that it affected only [Northpointe] and that it was not designed to affect title to any particular real estate. So the arbitrator did not require any monies from sales to be paid … or be used in a way as to protect [the Earls], albeit such proceeds or portions thereof might eventually be subject to execution as funds belonging to [Northpointe] in order to satisfy a judgement against it .…

> [N]othing herein should be construed as any limitation on the rights of any of the parties hereto under the Missouri statutes cited above and Missouri civil procedure … to enforce, confirm, modify or set aside the award.

Thereafter, the Earls filed a motion to confirm the arbitration award. In Northpointe's response, it argued the award should not be permitted to create a lien on its real estate. Northpointe did not file a motion to modify or vacate the arbitration award. Following a hearing, the court entered the underlying judgment, entitled "Limited Judgment Registering American Arbitration Award." The judgment registered the award and order and stated that it "is limited in that [the Earls] have no claim except as an unsecured creditor on any real estate owned by Northpointe." The judgment further specified that it was "not intended to be a lien on any such real estate." This appeal followed.

**Standard of Review**

The trial court's judgment must be affirmed unless it is not based on substantial evidence, it is against the weight of the evidence, or it is based on an erroneous declaration or application of the law. *CACV of Colorado, LLC v. Muhlhausen*, 345 S.W.3d 258, 260 (Mo. App. 2011); *Parks v. MBNA Am. Bank*, 204 S.W.3d 305, 309-10 (Mo. App. 2006); *see also* Rule 84.13(d); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

**Discussion and Decision**

The Earls contend the trial court misapplied the law by prohibiting the judgment from acting as a lien on Northpointe's real estate because: (1) the arbitration award did not contain the limitation, and Northpointe did not file a motion to modify the award as required by § 435.410 (Point I); and (2) § 511.350 mandates that a circuit court judgment shall be a lien on real estate, located within that county, of the person against whom the judgment was entered (Point II). We agree. For ease of analysis, we will discuss these interrelated points together.

"Given the purposes of arbitration as an alternative to litigation, judicial oversight of arbitration is narrow and strictly limited." *Behnen v. A.G. Edwards & Sons, Inc.*, 285 S.W.3d 777, 779 (Mo. App. 2009); *see also Doyle v. Thomas*, 109 S.W.3d 215, 218 (Mo. App. 2003). "Upon application of a party, the trial court *shall* confirm an award unless the party opposing the confirmation of the award cites grounds for vacating, modifying, or correcting the award." *Doyle*, 109 S.W.3d at 218 (emphasis in original); *see also*

4

§ 435.410 (dealing with modification or correction of an award)[2]; § 435.405 (dealing with the vacation of an award).[3]

The only motion presented to the circuit court was the Earls' motion to confirm the award. There was no motion by Northpointe to modify or vacate the award.[4] Therefore, the trial court was required to confirm the award. *See* §§ 435.410.2, 435.405.4; *Parks*, 204 S.W.3d at 310; *Doyle*, 109 S.W.3d at 218.

"Upon the granting of an order confirming … an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree." § 435.415. "Judgments and decrees entered by … any circuit court … shall be liens on the real estate of the person against whom they are entered, situate in the county for

---

[2] The trial court shall modify or correct the arbitration award upon timely application by a party where: (1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; (2) the arbitrator awarded upon a matter not submitted and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (3) the award is imperfect in a matter of form, not affecting the merits of the controversy. § 435.410.1(1)-(3); *Doyle*, 109 S.W.3d at 218. "If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made." § 435.410.2.

[3] The trial court shall vacate an award upon timely application of a party where: (1) the award was procured by corruption, fraud or other undue means; (2) there was evident partiality by the arbitrator appointed as a neutral or corruption of the arbitrator or misconduct prejudicing the rights of any party; (3) the arbitrator exceeded his or her powers; (4) the arbitrator refused to postpone the hearing upon sufficient cause being shown or refused to hear evidence material to the controversy or otherwise conducted the hearing so as to substantially prejudice the rights of a party; or (5) there was no arbitration agreement and the issue was not adversely determined in proceedings to compel or stay arbitration and the party did not participate in the arbitration hearing without raising the objection. § 435.405.1(1)-(5); *Doyle*, 109 S.W.3d at 218.

[4] Northpointe argues that its response to the Earls' motion to confirm constituted a motion to modify or correct the award. Because the argument asserted in Northpointe's response does not fall within any of the grounds for relief set forth in § 435.410.1(1)-(3), that argument has no merit.

which or in which the court is held." § 511.350.1; *see **Knutson v. Christeson**, 684 S.W.2d 549, 552 (Mo. App. 1984) ("regardless of the nature of the action or the judgment sought, where a statute provides that a judgment shall create and establish a lien on the real property of the judgment debtor, the judgment imparts notice of such lien").

While the arbitrator determined that the Earls should be treated as unsecured creditors, nothing in the award indicates that the arbitrator intended to deny the Earls the benefit of the statutory lien on real estate generally available, pursuant to § 511.350, to unsecured creditors holding a money judgment against the judgment debtor. As noted above, the arbitrator stated that "[a] judgment envisioned … by Missouri statute, if confirmed, would likely give far better notice to any title company and prospective purchaser of land owned by [Northpointe]." More to the point, the arbitrator stated that "nothing herein should be construed as any limitation on the rights of any of the parties hereto under the Missouri statutes … to enforce" the award. Therefore, the trial court misapplied the law by adding language to the judgment prohibiting it from creating a lien on Northpointe's real estate. Points I and II are granted. We therefore reverse and remand with instructions for the trial court to enter a new judgment registering the award and order without any language limiting the judgment from acting as a lien on real estate pursuant to § 511.350.

JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR

6