MAXWELL–GABEL CONTRACTING CO., INC., Respondent,

v.

CITY OF MILAN, Missouri, Appellant.

No. WD 63510.

Missouri Court of Appeals, Western District.

Oct. 26, 2004.

Gregory S. Gerstner, Kansas City, MO, for appellant.

Richard W. Miller, Kansas City, MO, for respondent.

Before VICTOR C. HOWARD, P.J., ROBERT G. ULRICH and PATRICIA A. BRECKENRIDGE, JJ.

ROBERT G. ULRICH, Judge.

The City of Milan (City) appeals from the judgment of the trial court confirming an arbitration award in favor of Maxwell–Gabel Contracting Co. (Maxwell) in the sum of $424,137 plus pre-award interest of $58,037 for a total recovery against the City of $482,174. In its two points on appeal, the City claims the trial court erred in confirming the portions of the arbitration award that granted to Maxwell prejudgment and post-judgment interest, claiming that the awards constitute a manifest disregard for the law because prejudgment interest can only be awarded where the amount of the claim is capable of ascertainment and the claim here was not determinable and because Maxwell repeatedly violated section 290.250, RSMo 2000, requiring it to pay to workers the prevailing hourly rate of wages. The judgment is affirmed.

## Facts and Procedural History

Maxwell and the City of Milan entered into a contractual relationship on August 4, 1998, providing for Maxwell to construct the Milan Water Treatment Facility. The

contract included an arbitration clause that stated:

All claims, disputes and other matters in question arising out of, or relating to, the contract documents or the breach thereof ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.

Disputes occurred between the parties to the contract, and Maxwell initiated an arbitration proceeding against the City with the American Arbitration Association in August 2001. Maxwell originally sought damages of more than $200,000 on theories of breach of contract and quantum meruit, and the City answered and filed its counterclaim against Maxwell. Maxwell eventually sought damages totaling $1,020,861.32. The arbitrators awarded Maxwell $456,306 against the City on May 8, 2003. The arbitrators awarded the City $32,169 against Maxwell on the City's counterclaim. The resultant recovery in Maxwell's favor was $424,137 plus pre-award interest of $58,037 constituting a net award for Maxwell of $482,174. The award also provided that nine percent per year simple post award interest would accrue. The arbitrators' decision articulated that they were not deciding "any decision regarding the City's alleged entitlement to amounts relating to the claim for wages presently pending with Missouri's Department of Wages and Labor" and also stated, "We do not retain any jurisdiction over this claim or issue."

Maxwell filed its application to confirm the arbitration award in accordance with section 435.400, RSMo 2000. The City filed its motion to modify and correct the arbitration award in accordance with section 435.410, RSMo 2000, claiming that the arbitrators "improperly awarded pre-award interest" and seeking declaration of the City's duty to withhold funds by statute.

The trial court entered its judgment confirming the arbitration award and denying the City's motion to modify and correct the arbitration award and for declaration of the City's duty to withhold funds by statute. The trial court held that it did not have jurisdiction to determine the amounts that the City was required by statute to withhold from Maxwell as a result of prevailing wage violations. The court noted that the prevailing wage claims were pending against Maxwell and the City in another judicial proceeding.

The City appeals the court's judgment.

## Discussion

The City asserts two points on appeal. Both points assert that the arbitrators demonstrated "manifest disregard for the law" in rendering their award. The City claims as its first point that the trial court erred in confirming the portion of the arbitration award that granted prejudgment interest to Maxwell, arguing that that portion of the award constitutes a "manifest disregard for the law" because prejudgment interest can only be awarded where the amount of the claim is capable of ascertainment and the claim was not determinable and because Maxwell repeatedly violated section 290.250, RSMo 2000, requiring Maxwell to pay the prevailing hourly rate of wages to workers. The City claims as its second point that the portion of the arbitration award granting Maxwell post-award interest constitutes "manifest disregard for the law" because Maxwell repeatedly violated section 290.250 by not paying the prevailing wage to employees

who worked on the project, which compelled the City to withhold what constitutes a substantial portion of the award. The City apparently claims that it should only be required to pay interest on the difference between the amount that it withheld and the amount of the award.

The standard of review enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), is applicable in court-tried cases involving arbitration awards. *Sheffield Assembly of God Church, Inc. v. Am. Ins. Co.*, 870 S.W.2d 926, 929 (Mo.App. W.D.1994). The trial court's judgment will be affirmed unless no substantial evidence supports it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* Because every reasonable intendment is indulged in favor of an arbitration award, courts construe the arbitration proceedings liberally. *Id.*

Missouri has adopted the Uniform Arbitration Act (UAA), sections 435.350–.470, RSMo 2000. The Federal Arbitration Act (FAA) was the example used by the drafters of the UAA. *Id.;* 9 U.S.C. § 1, et seq. (1970). The FAA applies when an agreement discloses a transaction that involves interstate commerce. *Edward D. Jones & Co. v. Schwartz*, 969 S.W.2d 788, 793 (Mo.App. W.D.1998). The United States Supreme Court interprets the phrase "involving commerce" to be equivalent to "affecting commerce." *Id.* (citing *Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274, 115 S.Ct. 834, 839, 130 L.Ed.2d 753, 766 (1995)). The phrase has been broadly interpreted by federal courts, which have found the interstate commerce nexus in cases where the contracting parties resided in different states, the U.S. Postal System was used, employees crossed state lines, or materials were transported across state lines. *Id.* Until

argument, the application of Missouri law (UAA) was understood.

A purpose of the UAA is to permit parties the opportunity to attain final resolution of conflict more easily and less expensively than litigation permits. *Sheffield*, 870 S.W.2d at 929. To effect this purpose, judicial review of arbitration awards is limited by section 435.405.1, RSMo 2000, which states:

Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 435.370, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings pursuant to section 435.355 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

Thus, unless an arbitration award under UAA is the result of fraud or collusion, "or other undue means"; the arbitrator was not impartial and that partiality was evident; the arbitrators exceeded their powers, improperly refused to continue the proceedings, or declined to hear material

evidence; or no arbitration agreement existed and a party did not acquiesce, the courts can give no relief.

The City claims in its points that the arbitrators "manifestly disregarded the law" in awarding prejudgment and post-judgment interest to Maxwell because pre-judgment interest can only be awarded where the amount of the claim is capable of ascertainment and the claim here was not determinable and because the interest awards ignore Maxwell's continued violation of section 290.250 by not paying the prevailing wage to employees who worked on the project, which compelled the City to withhold payments to Maxwell. The City asserts that the trial court, therefore, erred by confirming those portions of the arbitration award.

 "Manifest disregard for the law" is not a basis under section 435.405.1 for a reviewing court to reverse the trial court's judgment affirming an arbitration award. *Cornerstone Propane, L.P. v. Precision Invs., L.L.C.*, 126 S.W.3d 419, 424 (Mo. App. S.D.2004). The City argues for the first time during oral argument that the FAA is applicable and not Missouri's statute. Unlike Missouri law, if the Federal Arbitration Act (FAA) is applied, an arbitration award may be set aside if it is made in manifest disregard of the law. *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir.2001); *Cornerstone*, 126 S.W.3d at 424. The concept of "manifest disregard of the law" is a judicially created basis for vacating an arbitration award made under the FAA. *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 259, 107 S.Ct. 2332, 2355, 96 L.Ed.2d 185 (1987). Applying this federal exception is severely limited, however, and an arbitration award will be vacated on this ground only if the complaining party establishes that the arbitrator understood and correctly stated the law, but ignored it. *Hoffman*, 236 F.3d at

462; *Cornerstone*, 126 S.W.3d at 424. An award may not be set aside simply because the arbitrator erred in interpreting the law or in determining the facts. *Hoffman*, 236 F.3d at 462.

Even if the City were correct and federal law applies and had the City properly preserved the issue, the City's point would fail. The City does not contend that the arbitrators understood and stated the law and willfully declined to follow it. The federal exception, therefore, would not apply. Points one and two are denied.

The judgment of the trial court is affirmed.

HOWARD, P.J., and
BRECKENRIDGE, J., concur.