**Randee L. INGRAM, f/k/a Randee L. Wisdom, et al, Respondents,**

v.

**MISSOURI HIGHWAYS & TRANSPORTATION Commission, Appellant.**

**Nos. WD 67623, WD 67687.**

Missouri Court of Appeals, Western District.

Jan. 22, 2008.

---

Judy Lynn Curran, Lee's Summit, for appellant.

Robert Linley Ricklefs, Independence, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

This case involves a statement of previously undisclosed fact made by counsel at oral argument that shocked opposing counsel and this court because it changed the entire legal analysis and rules applicable to this case. It thus presents a situation with which we are not familiar and for which there is little, if any, guidance in appellate law. However, we feel compelled to address and resolve this matter.

On December 31, 1997, at approximately 2:00 A.M., Randee Ingram ("Driver") was driving a Pontiac Grand Am on Route O in Atchison County. There were three passengers in the car: Daniel Ingram, John Ingram, and Jimmy Dockens (Daniel and John Ingram are collectively "Passengers"). As she was traveling south on Route O, Driver missed a right curve in the road, which caused her car to become airborne and land in a field. Driver and each of the passengers received numerous serious injuries.

Sharing an attorney, Driver and Passengers filed a petition against the Missouri

Highways & Transportation Commission ("MHTC") alleging negligence for failure to post or replace warning signs, and for failure to take reasonable steps to correct the design, construction and maintenance of the highway, making it dangerous and unsafe. MHTC denied all allegations in its answer and raised several affirmative defenses, including the comparative fault of Driver. MHTC also sought contribution from Driver for any amount it might pay on behalf of any joint tortfeasor, mischaracterizing this as an affirmative defense, rather than a counter-claim.

Pursuant to section 226.095, Driver and Passengers filed an application for arbitration.[1] After a hearing, a panel of three arbitrators awarded Driver $300,000, reducing the amount by 75% to $75,000, for her comparative fault for excessive speed. No comparative fault was assessed to either of the Passengers. Daniel Ingram was awarded $17,700 and John Ingram, $56,400. The arbitrator's award stated that it was "in full settlement of all claims and issues of the parties" and "[a]ll claims not expressly granted herein are hereby denied."

Seeking to pay only 25% of the judgments awarded to Passengers, MHTC filed a motion to modify or correct the arbitrator's award or in the alternative for contribution. At the motion hearing in circuit court, MHTC paid both Passengers' awards in full. Driver refused MHTC's offer to pay her a total of only $19,425.

MHTC calculated this amount by subtracting 75% of Passengers' awards from $75,000, to account for Driver's comparative fault. The trial court denied MHTC's motion and confirmed the arbitrator's award. MHTC appealed both orders, which were consolidated into the instant appeal. Since MHTC is only seeking contribution from Driver as a joint tortfeasor and is not contesting the arbitrator's award to Passengers, Driver and MHTC are the only parties on appeal.

During oral argument on July 18, 2007, Driver's attorney mentioned that Passengers had settled with Driver's insurance company before the lawsuit was ever filed against MHTC. This information had never been revealed to the court or to MHTC. There is nothing in the record reflecting this settlement. Upon hearing about the parties' agreement, this court requested that MHTC submit a supplemental legal file with answers to the interrogatories asked of the Passengers during discovery. Question 13 in the interrogatories asked "Except for this lawsuit, have you within the last ten (10) years made claim or filed suit for damages or compensation for personal injuries?" Both Passengers answered negatively to that question.

### Standard of Review

This court reviews court-tried cases involving arbitration awards under the standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[2] *Max-*

---

1. All statutory references are to Missouri Revised Statutes, 2000, unless otherwise indicated.

2. While we apply the *Murphy v. Carron* standard in this case, *see Maxwell–Gabel Contracting Co. v. City of Milan,* 147 S.W.3d 93, 96 (Mo.App. W.D.2004), we note that the Eastern District has applied a different standard of review to a judgment confirming an arbitration award. That court has stated that it "will accept the trial court's findings of fact

unless they are clearly erroneous, and ... will decide questions of law *de novo.*" *Decker v. Kamil,* 100 S.W.3d 115, 117 (Mo.App. E.D. 2003). To support that proposition, the Eastern District cites to a Western District case, involving the Federal Arbitration Act, which is interpreted differently than the Missouri Act. *Groceman v. Pulte Homes Corp.,* 53 S.W.3d 599, 601 (Mo.App. W.D.2001).

*well–Gabel Contracting Co. v. City of Milan,* 147 S.W.3d 93, 96 (Mo.App. W.D. 2004). Therefore, the decision below will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy,* 536 S.W.2d at 32.

## Discussion

■ The parties spend a considerable portion of their briefs arguing about whether the contribution claim was even considered by the arbitration panel or was considered and rejected. Driver's counsel even spends a large part of the brief arguing, without any foundation in logic or law, that MHTC has no contribution claim against his client because she was a plaintiff and not a third party defendant. A defendant may seek contribution from a plaintiff by making a counterclaim. *See generally Snelling v. Cernech,* 755 S.W.2d 259, 264 (Mo.App. W.D.1988) (allowing a defendant to assert a claim for contribution as a counterclaim). In this case, MHTC asserted its claim as an affirmative defense. Under Rule 55.08, if a party mistakenly designates a counterclaim as a defense, "the court may treat the pleadings as if there had been a proper designation." We need not resolve those issues regarding arbitration, however.

■ To determine the outcome of this case, we consult section 537.060, which states in pertinent part:

Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution ... When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. The agreement shall discharge the tortfeasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor.

In the case at bar, Driver's attorney also represented Passengers during this suit. During oral argument in this court, when asked whether Driver's insurance carrier had been notified of the contribution claim by MHTC, counsel answered that notification was unnecessary because he had made claims against the carrier for his other clients, Passengers. He was apparently unaware that under section 537.060 the prelitigation settlement cut off MHTC's claim for contribution against Driver since she, in effect, paid through her liability insurance carrier. The trial court correctly denied the attempt to obtain contribution through set-off but for a wrong reason and one that was not before the court or disclosed by Driver's counsel until appellate argument.

■ Similarly, Driver's counsel seemed unaware of the effect that the settlement had under the law. In addition to cutting off the contribution claim, section 537.060 provides that MHTC (a joint tortfeasor) was entitled to a credit against the arbitration award for Passengers of any amount they received in settlement from another joint tortfeasor, such as Driver.

■ MHTC did not receive any such credit and did not seek one before the trial court because it was not aware of the claim and settlement. During our consideration of this case, we have been seriously concerned about potential conflicts of interest by counsel who represented Driver and Passengers in this matter. Without more

factual knowledge we cannot, and do not, express any final conclusion about this issue. We have likewise been concerned about whether counsel failed to truthfully answer interrogatories that would have disclosed the settlement. Because of the limited record before us, we do not decide whether the interrogatory solicited such disclosure or whether counsel had any other duty to disclose. These are matters that can only be determined by a fact finder, a role for which this court is not well suited.

Because of the highly unusual circumstances of this case, we reverse and remand this cause to the trial court. At that time, MHTC may seek any legally permissible relief it deems appropriate. We do not require, but do not discourage, the trial court from inquiring into the facts herein about which we are concerned.

HAROLD L. LOWENSTEIN and JAMES M. SMART, JR., JJ., concur.