**STIFEL, NICOLAUS AND COMPANY, INC., Respondent,**

v.

**Donald B. FRANCIS, Appellant.**

No. WD 47700.

Missouri Court of Appeals, Western District.

Jan. 18, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1994.

Application to Transfer Denied April 26, 1994.

C. Ronald Baird, Springfield, for appellant.

Thomas E. Douglass, St. Louis, for respondent.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

This appeal involves a longstanding dispute between Stifel, Nicolaus and Company, a stock brokerage firm, and Donald B. Francis, trustee of the Letty J. Francis Trust, involving 3000 shares of PHP HealthCare Corporation stock. The stock was part of an account maintained by Stifel for the trust. Stifel sold the stock and kept the proceeds to satisfy the trust's debt to Stifel.

The parties submitted their dispute for arbitration by the American Arbitration Association (AAA) which ruled for Francis. Stifel moved to vacate the award in circuit court according to § 435.405, RSMo 1986. The trial court granted Stifel's motion to vacate. We reverse.

The dispute was the outgrowth of the infamous "Black Monday" stock market crash on October 19, 1987. The trust account became under-margined, and Stifel issued margin calls. The trust could not meet the margin calls, and Stifel liquidated trust assets to satisfy the debt. In December 1987, a $44,000 debt remained. The account still had 3000 shares of PHP stock in it, but Stifel could not sell them because of a limited market for the stock.

Later, Francis, on behalf of the trust, made claims against Stifel that one of its brokers mishandled the account. Stifel denied wrongdoing and counterclaimed for the unpaid debt. Pursuant to the parties' contract, the dispute was submitted to arbitration. The parties settled their dispute in November 1990. Pursuant to its agreement with Francis, Stifel gave the trust $150,000,

forgave the $44,000 debt, and paid for the arbitration.

After the settlement, Stifel transferred the PHP stock from the trust account to its personal account and sold it. It took the position that it had gained the right to sell the stock in the settlement agreement.

Francis initiated a second arbitration on behalf of the trust in which he challenged Stifel's sale of the stock. After a hearing on September 9, 1992, AAA awarded Francis the stock value, $46,500. Stifel petitioned the trial court to vacate the award pursuant to § 435.405. The trial court granted the motion and vacated the award.

■ We center our attention on whether the trial court had authority to vacate the arbitration award. The trial court rested its order vacating the arbitration award on § 435.405.1(3) which says, "[T]he court shall vacate an [arbitration] award where ... [t]he arbitrators exceeded their powers[.]" [1] The trial court concluded, "The decision of the Arbitrators was directly contrary to the Missouri Laws of contract construction and interpretation and hence a manifest disregard of the law." Nothing in § 435.405 makes "manifest disregard of the law" a basis for vacating an arbitration award.

■ The trial court erred. Whether AAA's interpretation of the law was correct is irrelevant. The last clause of § 435.405.1 says, "[T]he fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." Mistake of law or a mistake of fact is not a sufficient reason to vacate an award. Friedman, Correcting Arbitrator Error: The Limited Scope of Judicial Review, 33 ARB. J. 9 (1978); Keith S. Bozarth, Comment, The

Uniform Arbitration Act in Missouri, 46 Mo. L. REV. 627 (1981). "An arbitrator's mistake of law or erroneous interpretation of the law does not constitute an act in excess of the arbitrator's powers." *Lorenzini v. Group Health Plan, Inc.,* 753 S.W.2d 106, 108 (Mo. App.1988). See *Western Waterproofing Company, Inc. v. Lindenwood Colleges,* 662 S.W.2d 288, 291 (Mo.App.1983).

The parties agreed, in documents entitled "The Customer's Agreement" and "Options Agreement," how they would arbitrate their disputes. Had the arbitrators deviated from the guidelines set forth in the agreement, the trial court's conclusion that the arbitrators had exceeded their powers would be correct. "[A]n arbitration award will be vacated only if the arbitrator clearly exceeded his authority under the terms of the contract or exceeded the scope of the issues presented to him for decision." *Daniel Construction Company, Division of Daniel International Corp. v. International Union of Operating Engineers, Local 513,* 570 F.Supp. 299, 302 (E.D.Mo.1983), *aff'd,* 738 F.2d 296 (8th Cir. 1984).

The trial court erroneously concluded that the arbitrators deviated from the parties' agreement setting out the arbitration guidelines because the agreement required that arbitration be done "pursuant to the arbitration laws of the State of Missouri, before the American Arbitration Association ... and in accordance with its rules then obtaining[.]" The trial court reasoned, "[An arbitration] decision [is] in excess of the arbitrator[']s powers under Missouri Arbitration Laws where the decision is contrary to the agreed-upon-law of the jurisdiction where the claim is pending."

1. All of subsection 1 of § 435.405 says, "Upon application of a party, the court shall vacate an award where ... (1) [t]he award was procured by corruption, fraud or other undue means; (2) [t]here was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; (3) [t]he arbitrators exceeded their powers; (4) [t]he arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 435.370, as to prejudice substantially the rights of a party; or (5) [t]here was no arbitration agreement and the issue was not adversely determined in proceedings under section 435.355 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."

Parties may agree that the arbitration will be decided as a court of law or equity would decide it. In such a case, an arbitrator's failure to follow case precedent would be an act exceeding authority. Francis' and Stifel's agreement did not make such a provision. Their contract said that Missouri **arbitration** laws, §§ 435.350–.470, and AAA's rules would govern. We find nothing in §§ 435.350–.470 which governs how arbitrators are to construe contracts.

Stifel argues that AAA's award was a manifest disregard for proper contract construction and that this should be a judicially-recognized standard for vacating an award. The judiciary is limited to vacating an arbitration award only on those grounds set forth in statute. *Western Waterproofing,* 662 S.W.2d at 291; *Holman v. Trans World Airlines, Inc.,* 737 F.Supp. 527, 530 (E.D.Mo. 1989). Manifest disregard for the law is not a statutory basis for vacating an award.

For these reasons, we reverse. We remand the cause to the trial court with directions to enter judgment in favor of Francis.

All concur.