James TROUT, Respondent,

v.

STATE of Missouri, Missouri Ethics Commission, and Commissioners Warren I. Neiburg, Michael E. Dunard, Robert L. Simpson, Brad Mitchell, John King and Michael Kilgore, Appellants.

No. WD 69257.

Missouri Court of Appeals, Western District.

Oct. 7, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 25, 2008.

Alana M. Barragan–Scott, Jefferson City, MO, for appellant.

Charles William Hatfield, Jefferson City, MO, for respondent.

Before JOSEPH M. ELLIS, P.J., RONALD R. HOLLIGER and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

The State of Missouri (the State) appeals the Cole County Circuit Court's award of attorneys fees to James Trout. Upon review, we find no abuse of discretion and affirm the trial court's judgment.

## Facts

On January 1, 2007, House Bill 1900 was signed by the Governor and became effective. As described in its title, the bill was an act "[t]o repeal [twelve sections], and to enact in lieu thereof sixteen new sections relating to ethics." On January 2, 2007, James Trout filed a petition for declaratory judgment and injunctive relief against the State of Missouri as well as the Missouri Ethics Commission and its Commissioners.

Mr. Trout filed suit in Cole County Circuit Court, challenging the bill under different legal theories and asking that it be held unconstitutional and stricken in its entirety. In Count I of his petition, Mr. Trout challenged H.B.1900 in its entirety based upon three alleged procedural defects. Trout claimed the bill violated article III, section 21 of the Missouri Constitution for being amended so as to "change its original purpose." He also claimed the bill violated article III, section 23 of the constitution for allegedly containing "more than one subject" and for the subject not being "clearly expressed" in the bill's title. In Count II, Mr. Trout claimed that Section 130.032.2 as enacted by H.B.1900 violated the First and Fourteenth Amendments to the United States Constitution as well as article I, section 8 of the Missouri Constitution. In a third count, Mr. Trout challenged Section 115.432 of H.B.1900 on due process and equal protection grounds.

On March 27, 2007, the trial court rendered its opinion. It rejected Mr. Trout's claim of clear title violation and found that Mr. Trout did not have standing to assert the unconstitutionality of Section 115.432 on a stand-alone basis. However, the trial court did find a change in the original purpose in violation of article III, section 21 of the Missouri Constitution as well as a single subject violation under article III, section 23 of the Missouri Constitution. In addition, the trial court held that Section 130.032.2 as enacted by H.B.1900 violated the First Amendment to the United States Constitution. The trial court also found Mr. Trout was entitled to attorneys fees under 42 U.S.C. § 1988. The State did not appeal the portion of the trial court's judgment finding Mr. Trout entitled to attorney fees.

Both parties appealed to the Missouri Supreme Court. In its July 23, 2007 opinion, the Missouri Supreme Court reversed the trial court to the extent that the trial court invalidated and severed Sections 115.342 and 115.350 of H.B.1900 and failed to invalidate the repeal and reenactment of Section 130.032 in its entirety.

■ On October 23, 2007, after the appeal on the merits was final, Mr. Trout filed his application to determine the amount of attorneys fees and costs. The application contained over 100 pages of material. The total number of hours expended on the litigation, from December 20, 2006, through August 30, 2007, was 456.60 hours. The application documented a lodestar [1] amount for the entire litigation at $124,285.00 and costs in the amount of $4,553.26. To reduce duplicative effort, Mr. Trout used "billing judgment" [2] and requested a fee of $121,598.50, or at a minimum, $119,875.00. Mr. Trout also filed a Notice of Hearing on his application for November 26, 2007. On November 26, 2007, the State filed Suggestions in Opposition to Plaintiff's Application for Attorneys Fees and Costs. At the hearing, the State presented no evidence concerning the fee request, did not make a recommendation as to an appropriate amount of attorneys fees, and did not request additional time to analyze the request and present additional argument.

In its December 5, 2007 judgment, the trial court awarded Mr. Trout $93,214.00 in attorneys fees and $4,553.26 for costs, plus post-judgment interest. The trial court found that Mr. Trout achieved complete success on his primary issue, the unconstitutionality and non-severability of Section 130.032, but that he was unsuccessful on his remaining claims. As such, the trial court found that some reduction in the attorneys fees was appropriate.

This appeal by the State followed.

## Standard of Review

■ "[T]he granting or refusal to grant attorney's fees is reviewable for an abuse of discretion." *Scott v. Blue Springs Ford Sales, Inc.*, 215 S.W.3d 145, 170 (Mo.App. W.D.2006). "The trial court abuses discretion if its order is clearly against the logic of the circumstances, is arbitrary and unreasonable, and indicates a lack of careful consideration." *State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. banc 2002). A trial court's award of attorneys fees is presumed correct, and it is the complaining party's burden to overcome this presumption. *Scott*, 215 S.W.3d at 170.

## Analysis

In its first point on appeal, the State contends the trial court erred in that it improperly awarded attorneys fees for unsuccessful claims arising under different facts and legal theories and did not distinguish between successful and unsuccessful claims in making its award. In its second point on appeal, the State argues that even

1. "The lodestar is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Griffin v. Ozark County, Mo.*, 688 F.Supp. 1372, 1373 (W.D.Mo. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

2. In discussing "billing judgment," the United States Supreme Court stated that after a district court has determined a lodestar amount, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933 (citation omitted). Because the trial court has a difficult task of determining what are reasonably expended hours:

> [P]erhaps more guidance could be gleaned from what has been held to be *not* compensable. Duplicative hours should not be awarded. Time spent by an attorney correcting his own mistakes and hours spent drafting an overlengthy brief when the extra pages added nothing essential are not compensable. Excessive travel time where there is insufficient evidence that travel time involved work on the case is not compensable.

*Griffin*, 688 F.Supp. at 1374 (footnotes omitted).

if there were common facts and related legal theories, the trial court erred in that it did not adjust its award to account for the unsuccessful claims. In its final point on appeal, the State argues that the amount of attorneys fees awarded was unreasonable because the award did not identify specific hours that should not be compensated and removed from the award and that the award was not properly reduced to account for Mr. Trout's limited success. We will address the State's three points together.

In its oral argument before this Court, the State confessed it did not appeal the trial court's judgment that found Mr. Trout entitled to attorneys fees. The State only appeals the amount of the attorneys fee award. The sole issue before this Court is whether the amount of attorneys fees awarded to Mr. Trout was proper, not whether Mr. Trout was entitled to attorneys fees.

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the United States Supreme Court addressed the issue of attorneys fees. It stated that although there are numerous factors to be considered in awarding attorneys fees, "the most critical factor is the degree of success obtained." *Id.* at 436, 103 S.Ct. 1933. If a plaintiff succeeds on some, but not all, claims, the amount of the award depends, in part, on whether the plaintiff's unsuccessful claims are related to the claims on which the plaintiff is successful. *Id.* at 440, 103 S.Ct. 1933. If the unsuccessful claims are "distinct in all respects" from the successful claims, the hours spent on the unsuccessful claims should be excluded from the attorneys fee award. *Id.*

The State argues that Mr. Trout's claims involved different facts and legal theories, stating that Mr. Trout's procedural challenges to H.B.1900 and his free speech challenge to the bill were disparate legal theories and could have been brought in separate lawsuits. The trial court, however, found that "the core facts and legal theories were substantially intertwined." The trial court indicated its conclusion that the work done on each of Mr. Trout's claims contributed to Mr. Trout's success on his winning claim. Although the State disagrees with the trial court's findings, this court defers "to the discretion of the trial judge who, by virtue of his or her office and experience, is considered an expert in determining the proper amount of compensation for legal services." *Scott*, 215 S.W.3d at 170 (quotations and citation omitted).

When there is only limited success on claims based on a common core of facts or related legal theories, as in this case, the trial court "should focus on the significance of the overall relief obtained." *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933. The trial court did just that. It specifically acknowledged Mr. Trout was not successful on some of his claims and found that a reduction in the amount of attorneys fees was appropriate. In fact, the trial court did exactly what the State requested. In its suggestions in opposition to Mr. Trout's application for attorneys fees, the State urged the court to "exercise its discretion to simply reduce any fee award that it is inclined to make, if it chooses to make an award at all." The State contends the trial court incorrectly found that Mr. Trout achieved "complete success on his primary issue." It argues that Mr. Trout's primary goal was to have H.B.1900 struck in its entirety. The State argues that Mr. Trout did not achieve his primary goal (the bill being struck in its entirety), so Mr. Trout cannot have achieved complete success. However, the trial court is in the best position to determine the primary issues of litigation. Furthermore,

" '[L]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.' " *Williams v. Fin. Plaza, Inc.,* 78 S.W.3d 175, 185 (Mo. App. W.D.2002) (quoting *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933). The trial court found that eliminating Section 130.032 was Mr. Trout's primary goal and that this goal could have been achieved by success on either Count I or Count II. The trial court was not unreasonable in making its determination.

■■■■ Despite the State's contentions, the trial court's award of attorneys fees was not an arbitrary figure. The State argues that the trial court should have eliminated specific hours from its award, such as the hours expended on Count III, which was unsuccessful. The trial court was not required to do so. The trial court "may attempt to identify specific hours that should be eliminated." *Hensley,* 461 U.S. at 436, 103 S.Ct. 1933. However, it may also choose to "simply reduce the award to account for the limited success." *Id.* at 436–37, 103 S.Ct. 1933. The State urges us to reverse and remand to the trial court so the trial court can apply *Hensley* in making its determination as to the amount of attorneys fees to award Mr. Trout. However, the trial court already applied *Hensley* in making its award by reducing the attorneys fees to Mr. Trout to account for his unsuccessful claims. As this court has stated, "The trial court is considered an expert on the subject of attorney's fees." *Williams,* 78 S.W.3d at 184. The State has presented no evidence indicating the trial court's judgment lacked careful consideration. "Moreover, in the absence of contrary evidence, the trial court is presumed to know the character of services rendered in duration, zeal and ability, and to know the value of them according to custom, place, and circumstance." *Id.* (quotations and citations omitted).

### Conclusion

The trial court found that the primary issue in Mr. Trout's litigation was the issue on which Mr. Trout was successful, and we will not disturb that finding. The trial court did not abuse its discretion in the amount of attorneys fees it awarded to Mr. Trout. The trial court's judgment is affirmed.

All concur.