Phillip J. BEHNEN, Appellant,

v.

A.G. EDWARDS & SONS, INC., Respondent.

No. ED 91683.

Missouri Court of Appeals, Eastern District, Division Four.

May 5, 2009.

Joe D. Jacobson, Allen P. Press, James Simeri, Clayton, MO, for appellant.

Jeffrey J. Kalinowski, Carrie J. Bechtold, Eric D. Martin, St. Louis, MO, for respondent.

KENNETH M. ROMINES, Judge.

Phillip J. Behnen appeals the judgment of the Circuit Court of the City of St. Louis, the Honorable Donald L. McCullin presiding, which vacated in part the award of an arbitration panel which had been decided in Behnen's favor. Because we agree that the arbitration panel did not exceed its powers and arbitration awards deserve a very high degree of deference, we reverse.

### Factual and Procedural Background

A.G. Edwards & Sons, Inc. (Edwards) employed Behnen from 1998 to 2004. For the last two years he worked as a Vice President in Edwards' Private Client Group. On 25 February 2004, Edwards terminated Behnen's employment for violations of company policies and procedures.[1] In accordance with the National Association of Securities Dealers (NASD)[2] rules,[3] Edwards filed a Form U–5 which described the circumstances of Behnen's termination. The stated reasons for termination were "violation of firm policy and industry rules and regulations," and "violation of firm policy regarding the receipt of commissions by a corporate officer." Edwards checked box 7F(1) on the form, which stated the employee was terminated "after allegations were made that accused

---

**1.** All parties agreed before Judge McCullin that Behnen was terminated.

**2.** The NASD has since been merged with the Financial Industry Regulatory Authority (FIN-RA).

**3.** The rules require any company in the securities industry to file a Form U–5 for each employee who leaves the firm. The form is then on file and available to other firms wishing to hire the discharged employee.

the individual of violating *investment-related* statutes, regulations, rules or industry standards of conduct."

Behnen filed an action in the Circuit Court of the City of St. Louis, claiming defamation, fraud, and negligent misrepresentations related to his termination and the reasons for termination listed on the Form U–5. He sought compensatory damages and an amendment of his Form U–5 to show he was terminated without cause. The parties had an arbitration agreement that covered this claim, thus the court stayed the proceedings and directed the parties to arbitration.

On 2 May 2007, the arbitration panel issued its award in favor of Behnen. The award included compensatory damages and expunged Behnen's Form U–5 on the basis that it was defamatory. The panel ordered the form amended to state Behnen was voluntarily terminated. Edwards then filed a motion to vacate the award in the Circuit Court of the City of St. Louis, which the court granted in part. The court vacated the award in part and ordered that the panel's decision to list "voluntary" as the reason for termination was an excess of the panel's authority because it was inaccurate—Behnen did not voluntarily leave his employment. Behnen appeals and asks us to reinstate the panel's award.

### Standard of Review

■ Given the purposes of arbitration as an alternative to litigation, judicial oversight of arbitration is narrow and strictly limited. *CPK/Kupper Parker Communications, Inc. v. HGL/L. Gail Hart*, 51 S.W.3d 881, 883 (Mo.App. E.D.2001); *Western Waterproofing Co., Inc. v. Lindenwood Colleges*, 662 S.W.2d 288, 291 (Mo.App. E.D.1983). The Missouri Uniform Arbitration Act gives five bases under which an arbitration award may be vacated, only one of which is relevant here: if "[t]he arbitrators exceeded their powers." § 435.405.1(3) RSMo (2000). The trial court's determination of whether the arbitrators exceeded their powers is a legal question which we review *de novo*. *See Trans World Airlines, Inc. v. Associated Aviation Underwriters*, 58 S.W.3d 609, 617 (Mo.App. E.D.2001) (in a court-tried case, we review legal questions *de novo* ).

### Discussion

■ The trial court found that the arbitrators had exceeded their powers in entering a reason for termination that was clearly inaccurate, because "[t]he NASD requires member firms to file 'complete and accurate' information on any [Form U–5]." Behnen argues that in fact the NASD does not prohibit this sort of change. There are rules and statutes that allow for the punishment of those filing false records, but there is no stated general prohibition and nothing specifically touching the change to the form made here. Behnen argues that arbitration panels routinely make the exact Form U–5 change at issue here, and it is not an excess of their power to do so.

■ Arbitrators derive their powers from the arbitration agreement. *Holman v. Trans World Airlines, Inc.*, 737 F.Supp. 527, 530 (E.D.Mo.1989); *see also Stifel, Nicolaus & Co., Inc. v. Francis*, 872 S.W.2d 484, 485 (Mo.App. W.D.1994). Arbitration awards will be vacated as an excess of power only if the arbitrators decided matters which were beyond the scope of the agreement or were clearly not submitted to them. *Id.* This is true even if the relief would not be available under the law or shows a clear disregard for the law. § 435.405.1; *Hayob v. Osborne*, 992

S.W.2d 265, 269 (Mo.App. W.D.1999).[4]

Therefore, because the arbitrators decided an issue which was within the scope of the agreement, they did not exceed their powers in ordering a change of the Form U–5 in light of their other findings.[56]

### Conclusion

Because the arbitrators did not exceed their powers and because courts must give a high degree of deference to their award, we conclude that the trial court erred by vacating in part the award. We reverse.

REVERSED.

NANNETTE A. BAKER, C.J. and MARY K. HOFF, J., concur.

---

4. Edwards argues that *Hayob* cannot apply because the present case deals with subsection (3) of § 435.405.1 and the quoted language in *Hayob* comes from subsection (5). However, the final clause of § 435.405.1, though contained in subsection (5), follows a semicolon which separates it from the five enumerated bases for vacateur and applies it to subsection 1 as a whole. As here, the court in *Hayob* dealt with whether vacateur was proper under § 435.405.1(3), yet rightly found that the final clause after (5) meant that an arbitration panel does not exceed its powers simply because it may make an award that would not be available under the law. The *Hayob* court so found even though it was dealing with a similar arbitration agreement which said, "[t]he arbitration is to be con-

ducted ... in accordance with the laws of the State of Missouri...." 992 S.W.2d at 268. Therefore, *Hayob* is directly on point.

5. This writer alone notes the antithetical nature of reversing one improper order to reinstate an award that is arbitrary and capricious, but that is how our standard limits us. In my estimation, we essentially affirm what was patently untrue.

6. We note that the arbitration panel awarded damages to people who were not *parties* to this proceeding, and the trial court also vacated that portion of the award—this aspect of Judge McCullin's order was not appealed.