**Crissy TATE, Plaintiff–Respondent,**

v.

**AUTOZONERS, L.L.C., Defendant–Appellant.**

**No. SD 31278.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 8, 2012.

Motion for Rehearing or Transfer Denied Feb. 29, 2012.

Application for Transfer Denied May 1, 2012.

Amy L. Nixon, St. Louis, MO, Eva C. Madison, Fayetteville, AR, for Appellant.

Mark A. Jess, Kansas City, MO, Robert D. Curran, Springfield, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

This appeal arises from a judgment entered by the Circuit Court of Polk County awarding Crissy Tate ("Respondent") attorneys' fees in the amount of $126,381.69 and costs of $3,511.15 against AutoZoners, L.L.C. ("Appellant") after prevailing on her harassment claim under the Missouri Human Rights Act ("MHRA"). Appellant claims the fees and costs were excessive and that the court should have amended its judgment to specify which of the claimed fees and costs were awarded. We find no error and affirm the judgment.

The employment harassment, as found to be credible by the trial court and not challenged in this appeal, occurred in September through November of 2007; the suit was filed in August of 2008; and the matter went to trial in September of 2010. Respondent was awarded $10,000.00 in compensatory damages and no punitive damages. Respondent's attorneys submitted a motion for attorneys' fees in the amount of $222,172.50 and costs in the amount of $6,984.37. Appellant opposed the motion arguing that the attorneys should not recover for time spent on claims that had been abandoned or damages not sought at trial because she was not the "prevailing party" on those issues. Respondent further argued that the claimed attorneys' fees were exorbitant, as well as duplicative, and many of the costs asserted were not recoverable under the law. The trial court did not include an analysis or itemization specifying how the court determined the amount of attorneys' fees or costs but entered a judgment for $126,381.69 for attorneys' fees and $3,511.15 in costs.

Appellant presents two points on appeal. The first claims error in the award because it awarded exorbitant, duplicative and uncompensable fees and costs; the second claims error in awarding costs and fees without explaining which of the fees and costs were awarded. For clarity, this Court will address Appellant's points out

of order with Appellant's second point first.

■ Pursuant to Rule 75.01,[1] a trial court has the authority to modify, correct, or amend a judgment within thirty days after the judgment is entered. As a trial court is vested with considerable discretion in ruling on a motion to amend a judgment, this Court will not reverse a trial court's decision on such a motion unless there is an abuse of discretion. *Woods v. Friendly Ford, Inc.*, 248 S.W.3d 665, 679–80 (Mo.App. S.D.2008).

■ Appellant argues that the trial court's judgment was "devoid of any explanation of how the fee and cost awards were calculated." Appellant asserts that the trial court abused its discretion by denying the motion for amendment of the judgment in order to clarify the calculations which resulted in the award. In support of its contention, Appellant relies on *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854 (Mo.App. E.D.2009).

In *Williams*, the appellate court found an abuse of discretion when the trial court awarded a plaintiff, who was the prevailing party in an MHRA action, attorneys' fees for an amount less than both the plaintiff and defendant had suggested. *Id.* at 880. The court concluded:

> The trial court was under no obligation to accept the amount of attorneys' fees suggested by either party, and retained discretion in making the final award for attorneys' fees. However, when the court significantly strayed from the detailed calculations presented by the party seeking to reduce the attorneys' fee award, and offered no insight as to how it calculated an additional $17,000 in deductions, which TSAI itself

could not find, it abused its discretion. Logic dictates that TSAI, as the party responsible for paying any award of attorneys' fees, would calculate as many deductions as legally possible. Indeed, TSAI appears to have done so with its meticulous calculations and exhibits showing the exact time entries with which it took issue. The uncontradicted evidence before the trial court showed that Williams, as the prevailing party, expended reasonable attorneys' fees in the amount of $96,989.61 litigating her successful claim of retaliation against TSAI. The trial court abused its discretion when it awarded Williams only $80,000 in attorneys' fees.

*Id.* at 879–80. Appellant requests that this Court extend the reasoning of *Williams*, which increased the amount of attorneys' fees, to the present case and find error when a trial court does not explain its calculation. Appellant's reliance on *Williams* is misplaced. We decline to create such a procedural obligation on a trial court based on the comments concerning the substantive complaint in *Williams* that the attorneys' fee award was unreasonably reduced by the trial court. Point II is denied.

■ Appellant's first point is not that the attorneys' fees and costs were unreasonably reduced by the trial court but that they were not reduced enough. A court is authorized to award reasonable attorneys' fees to a prevailing party under section 213.111.2 of the MHRA as long as such party is not a state agency or commission or local commission. Section 213.111.2; *Gilliland v. Missouri Athletic Club*, 273 S.W.3d 516, 523 n. 10 (Mo. banc 2009). The court in *Gilliland* emphasized the im-

---

1. All rule references are to Missouri Court Rules (2011), and all references to statutes are to RSMo 2000, unless otherwise specified.

portance of allowing recovery of attorneys' fees in MHRA cases by stating:

> In human rights cases, the amount of the verdict or judgment may have little bearing on the amount of attorneys' fees. The act recognizes the public purpose served by litigation that vindicates the rights of those who are discriminated against. The Missouri legislature, in enacting the human rights act, followed the lead of Congress in the choice of authorizing fees to private attorneys for enforcement of human rights claims, rather than relying principally upon government agencies for such enforcement.

*Id.* at 524. The award of attorneys' fees authorized by section 213.111.2 was meant to fully compensate for the costs of prosecuting the matter to final judgment including any reasonable hours spent and costs incurred. *Claus v. Intrigue Hotels, LLC,* 328 S.W.3d 777, 789 (Mo.App. W.D.2010).

"The determination of reasonable attorneys' fees is in the sound discretion of the trial court and shall not be reversed unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration." *Brady v. Curators of Univ. of Missouri,* 213 S.W.3d 101, 114 (Mo.App. E.D.2006). When dealing with an award of attorneys' fees, the trial court is considered an expert and may make an award at its discretion. *Howard v. City of Kansas City,* 332 S.W.3d 772, 792 (Mo. banc 2011). "Moreover, trial courts are generally in a better position to take evidence and hear argument relating to attorney fees." *Claus,* 328 S.W.3d at 789.

The trial court acted within its sound discretion when awarding attorneys' fees to Respondent. The trial court heard the evidence and was familiar with the filings and activities prior to trial. The trial court examined almost two hundred pages of information and argument submitted by the parties over a forty-five day period in order to determine the award. The trial court reduced the original amount of attorneys' fees sought by Respondent by over $95,790.81—more than forty percent. Appellant contests specific charges throughout its brief and urges this Court to subtract those charges from Respondent's requested sum because of her limited success as the "prevailing party" on only a single claim. A trial court may attempt to identify specific hours that should be eliminated or may simply reduce the award to account for a prevailing party's limited success. *Trout v. State,* 269 S.W.3d 484, 489 (Mo.App. W.D.2008).

Here, as an expert on the subject of attorneys' fees, the trial court chose to make a significant reduction and we do not find its valuation of the services rendered on the case lacking in careful consideration. After taking the arguments of both parties into consideration, the trial court delivered an award that was within the calculations of both parties. While the trial court did not award the exact amount suggested by either party, there is no evidence that it abused its discretion by submitting an unreasonable or illogical award. The decision by the trial court not to further reduce Respondent's attorneys' fees did not constitute an abuse of discretion.

Likewise, the trial court reviewed and reduced the amount requested for court costs. Appellant has not convinced us that the trial court acted outside its statutory authority under section 213.111.2 in the award. Point I is denied.

The judgment is affirmed.

BURRELL, P.J., and LYNCH, J., concur.