

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | |
|---|---|
| CITY OF CHESTERFIELD, | ) ED101916 |
| | ) |
| Appellant, | ) |
| | ) |
| | ) Appeal from the Circuit Court |
| v. | ) of St. Louis County |
| | ) 12SL-CC03917 |
| FREDERICH CONSTRUCTION INC. | ) |
| and TRAVELER'S CASUALTY AND | ) Honorable Richard C. Bresnahan |
| SURETY COMPANY OF AMERICA | ) |
| | ) |
| Respondents. | ) Filed: April 21, 2015 |

## Introduction

The City of Chesterfield (City) appeals the judgment of the trial court confirming an arbitration award that included an award of attorneys' fees against the City. The City argues the arbitrators exceeded their authority in awarding attorneys' fees. We affirm.

## Background

The City hired Respondent Frederich Construction, Inc. (FCI) to be the general contractor on two construction projects for the City. The City and FCI executed separate contracts for each of the two projects on June 16, 2009 and December 8, 2009, respectively. Respondent Traveler's Casualty and Surety Company of America (Travelers) was the surety for FCI under both contracts. Both contracts contained

provisions stating that all disputes between the parties would be subject to arbitration under the Construction Industry Arbitration Rules of the American Arbitration Association (AAA).

Disputes arose under both contracts, and the parties submitted them to arbitration in accordance with their agreements. The arbitrators resolved both disputes in favor of FCI. The first award, dated September 24, 2012, included attorneys' fees of $50,000. The trial court confirmed the award on April 29, 2013, and the City did not appeal that judgment.

In the second arbitration award, dated May 28, 2013 (Final Award), the arbitrators also awarded attorneys' fees to FCI in the amount of $279,037. The City filed a petition in interpleader and a motion to vacate the Final Award's grant of attorneys' fees in the trial court. The City argued that the arbitrators exceeded their authority in awarding attorneys' fees in the Final Award because the contract between the City and FCI contained no provision allowing for attorneys' fees, and AAA rules did not authorize such fees under the circumstances. The trial court denied the City's motion to vacate attorneys' fees and confirmed the Final Award. This appeal follows.

## Standard of Review

"Given the purposes of arbitration as an alternative to litigation, judicial oversight of arbitration is narrow and strictly limited." Behnen v. A.G. Edwards & Sons, Inc., 285 S.W.3d 777, 779 (Mo. App. E.D.2009). Section 435.405.1[1] contains the only grounds upon which a court may vacate an arbitration award. Doyle v. Thomas, 109 S.W.3d 215, 219 (Mo. App. E.D. 2003) (court is limited to specific grounds laid out in statute). Section 435.405.1 sets forth five possible grounds for vacating an arbitration award, only

---

[1] All statutory references are to RSMo. (2000) unless otherwise indicated.

2

one of which is relevant here: "where . . . [t]he arbitrators exceeded their powers." Section 435.405.1(3).

Whether the arbitrators exceeded their powers is a legal question we review *de novo*. Behnen, 285 S.W.3d at 779. However, we may not vacate an award simply because we would have interpreted the agreement or the facts differently. See Sheffield Assembly of God Church, Inc. v. Am. Ins. Co., 870 S.W.2d 926, 931 (Mo. App. W.D. 1994) (citing Lorenzini v. Group Health Plan, Inc., 753 S.W.2d 106, 108 (Mo. App. E.D. 1988)) ("[m]istakes of law [or] fact . . . are not a sufficient reason to vacate an award"). Section 435.405.1(5) states "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." See Behnen, 285 S.W.3d at 780 n.4 (noting clause from subsection (5) applies to all of Section 435.405.1 as a whole). We may vacate the award based on an excess of the arbitrators' power "only if the arbitrators decided matters which were beyond the scope of the agreement or were clearly not submitted to them." Id. at 779.

## Discussion

The City raises two points on appeal, both contesting the trial court's confirmation of the award of attorneys' fees contained in the Final Award. In both points, the City argues the trial court erred in confirming the Final Award because the arbitrators exceeded their authority in awarding attorneys' fees. Thus, we address both points together.

Here, in the Final Award, the arbitrators noted that there was no contractual provision specifically authorizing an award of attorneys' fees, nor was there statutory authority for such an award. The arbitrators also noted that no special circumstances

3

were present that would justify an award of attorneys' fees. The arbitrators ultimately concluded they were authorized to resolve the issue of attorneys' fees because the contract incorporated AAA rules, which allow arbitrators to award attorneys' fees where all parties request them. We agree.

First, the parties agree that their contract incorporated AAA rules. Specifically, AAA Rule R-45 addresses awards of attorneys' fees as follows:

> (d) The award of the arbitrator may include:
> . . .
> (ii) an award of attorneys' fees if all parties have requested such an award . . . .

It was undisputed that FCI requested attorneys' fees. Additionally, the arbitrators found that the City requested attorneys' fees twice: in the prayers for relief of the City's amended answer and counterclaim, respectively. The City's answer contained the following prayer for relief:

> WHEREFORE, the . . . City requests that FCI's claims be denied in their entirety, and that the City be granted an award of the relief prayed for by the City's Counterclaim, including . . . attorneys' fees . . ., to which the City may be entitled pursuant to the AAA Construction Industry Arbitration Rules.

In the City's counterclaim, the prayer for relief contained seven different requests, denominated A through G, the last two of which are relevant:

> F. The costs and expenses of this proceeding, including but not limited to all AAA fees, expenses and arbitrator compensation as provided by AAA Rule[] R-45 . . . .
>
> G. The City's reasonable attorney fees, expert witness fees, and all other expenses and costs incurred and to be incurred by the City in connection with this arbitration proceeding.

4

The City disputed this finding in the trial court because the arbitrators also entered Scheduling and Procedure Order No. 1 (Procedure Order), which provided that "[a]ny party seeking an award of attorney's fees or costs following the interim award shall file its application stating its . . . request within ten (10) days of the issuance of the interim award." The City argued that it never requested attorneys' fees in accordance with this order, but rather after the panel's interim award in favor of FCI, the City has only disputed that the arbitrators were authorized to award attorneys' fees.

On appeal, the City argues that it could not have satisfied AAA Rule R-45(d)(ii) because once the arbitrators entered the Procedure Order, that method became the only way to satisfy the rule. Additionally, the City argues that even if that were not the case, its prayers for relief were merely boilerplate and could not have constituted a "request" for attorneys' fees under Rule R-45(d)(ii). However, under our standard of review, our inquiry is not whether the arbitrators properly interpreted AAA Rule R-45(d)(ii) and properly applied the particular facts here to arrive at the correct outcome. See Edward D. Jones & Co. v. Schwartz, 969 S.W.2d 788, 793-94 (Mo. App. W.D. 1998) ("appellate courts will not consider claims that arbitrators committed factual or legal errors, as they would in reviewing decisions of lower courts"). Rather, our question is simply, did the arbitrators decide an issue that was within the scope of the parties' agreement? See Behnen, 285 S.W.3d at 779. Here, the answer is yes.

The parties incorporated AAA rules into their agreement, which made them as much a part of the contract as any other provision. See Dunn Indus. Group, Inc. v. City of Sugar Creek, 112 S.W.3d 421, 435 n.5 (Mo. banc 1993) (noting "matters incorporated into a contract by reference are as much a part of the contract as if they had been set out

5

in the contract *in haec verba*"). AAA Rule R-8 provides that "[t]he arbitrator shall interpret and apply these Rules insofar as they relate to the arbitrator's powers and duties." Construction Industry Arbitration Rules, R-8 (effective Oct. 1, 2009). Thus, once the parties each put forth what could be construed as requests for attorneys' fees to trigger Rule R-45(d)(ii), it was for the arbitrators and not the courts to determine here what constitutes a "request" under the language of that rule. See also Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003) (noting that matters of contract interpretation and arbitration procedures—besides narrow exception of validity of contract and arbitration clause—are matters for arbitrators to decide, not courts); Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) (interpretations of procedural issues in arbitration arising under national arbitration rules are for arbitrator to make).

Because the arbitrators determined an issue within the scope of the contract, namely, arising from the AAA rules incorporated into the contract, we cannot vacate their decision even if we would have decided it differently. See Hayob v. Osborne, 992 S.W.2d 265, 269 (Mo. App. W.D. 1999) (finding no decision of arbitrator would exceed its powers with respect to issue within scope of contract, "even if repugnant to the laws of the State of Missouri"). That said, we would nevertheless decline to vacate the award here under Rule R-45(d)(ii).

While the City argues that its requests for fees in its pleadings were mere boilerplate, the language of the prayers for relief displays otherwise. For example, the City specifically referred to any relief available under Rule R-45 among its seven different requests for relief, most of which contained specific references to the facts of this case. Additionally, the arbitrators' Procedure Order does not purport to be the only

6

method by which to satisfy Rule R-45(d)(ii), but rather an additional procedural step the arbitrators required of parties who had already named attorneys' fees as part of their requested relief at the outset of the proceeding.

The City's argument that its attorney, who signed the City's pleadings, cannot bind the City to an agreement to pay attorneys' fees where the City did not otherwise agree to be bound is unavailing. The City agreed to submit the issue of attorneys' fees to arbitration when it incorporated AAA Rules into its contract with FCI. The City's attorney was its agent for requesting any relief at all under the contract through its pleadings. The City cannot claim an entitlement to attorneys' fees through its pleadings, and then, upon losing on the merits, claim the other party has no such entitlement. The only objection to attorneys' fees came after the City was required to pay them. Notably, the City did not appeal the award of $50,000 in attorneys' fees to FCI in the first contract dispute.

Finally, though they need not look to legal authority *per se*, the arbitrators examined relevant case law relied on by the parties and applied it reasonably. Given all of the foregoing, if we were permitted to review the arbitrators' interpretation and application of Rule R-45(d)(ii) here, we would agree the City requested attorneys' fees and find the award of attorneys' fees was proper. Cf. Scheck Indus. Corp. v. Tarlton Corp., 435 S.W.3d 705, 733 (Mo. App. E.D. 2014) (citing Lucas Stucco & EIFS Design, 324 S.W.3d 444, 444 (Mo. banc 2010)) (pleading requirement for attorneys' fees "satisfied where all elements of statutory claim pleaded and prayer for 'reasonable attorneys' fees' was made").

7

However, because the issue of attorneys' fees was within the scope of the parties' agreement due to the incorporation of AAA Rules into their contract, it was the role of the arbitrators to interpret and apply Rule R-45(d)(ii) to the statements contained in the City's pleadings and in light of their own Procedure Order. Thus, they did not exceed their authority in doing so. See Behnen, 285 S.W.3d at 779. Point denied.

## Conclusion

Because the trial court correctly determined the arbitrators did not exceed their authority in awarding attorneys' fees, the trial court did not err in confirming the Final Award. We affirm.

Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P. J., concurs.
Robert G. Dowd, Jr., J., concurs.