

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

FLOYD S. WIEDNER, )
)
Appellant, )
)
v. ) WD85747
)
FERRELLGAS, INC., ET AL., ) Opinion filed: March 28, 2023
)
Respondents. )

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE JENNIFER M. PHILLIPS, JUDGE**

Division Two: Edward R. Ardini, Jr., Presiding Judge,
Lisa White Hardwick, Judge and Karen King Mitchell, Judge

Floyd Steven Wiedner ("Wiedner") brought this action in the Circuit Court of Jackson County ("trial court") against his former employer, Ferrellgas, Inc. ("Ferrellgas") alleging violations of the Missouri Human Rights Act ("MHRA"). Based on the terms of Wiedner's employment agreement, the trial court stayed the proceedings and compelled arbitration. The arbitrator awarded Wiedner damages and attorney's fees. Wiedner thereafter moved the trial court to partially vacate the arbitrator's award arguing that the arbitrator had "exceeded his powers" by not awarding the entirety of his requested attorney's fees. That motion was denied. The trial court also denied Wiedner's request for pre- and post-judgment interest. The trial court entered judgment confirming the arbitration award from which Wiedner now appeals. We affirm in part, reverse in part, and remand to the trial court.

## Factual and Procedural Background[1]

Wiedner was employed by Ferrellgas as a senior database administrator from February 28, 2011, until he was terminated on October 25, 2016. When Wiedner began working for Ferrellgas, he signed an employment agreement that contained an arbitration provision applicable to "[a]ny dispute (whether the dispute sounds in contract, tort, or otherwise) arising out of or relating to [the employment agreement] or its breach, or the employment relationship of the parties[.]" Wiedner suffers from trigeminal neuralgia, a type of chronic nerve pain, which resulted in him using a wheelchair for a time. While Wiedner's condition caused him difficulties in commuting to work and caused him to take leave under the Family and Medical Leave Act, he was able to perform his job duties. Wiedner was subjected to harassment by a supervisor before being terminated for refusing to sign a performance improvement plan that, in his view, did not accurately reflect his work performance.

Wiedner filed a complaint with the Missouri Commission on Human Rights ("MCHR") against Ferrellgas alleging disability discrimination and retaliation. The MCHR issued a right-to-sue letter on November 20, 2017.

On February 7, 2018, Wiedner filed a petition in the Circuit Court of Jackson County against Ferrellgas Partners Finance Corp. ("FPFC") and two individual defendants,[2] alleging violations of the MHRA, including disability discrimination and retaliation. FPFC filed an answer

---

[1] We view the evidence in the light most favorable to the judgment. *See Stephen W. Holaday, P.C. v. Tieman, Spencer, & Hicks, L.L.C.*, 609 S.W.3d 771, 777 (Mo. App. W.D. 2020) (citation omitted).

[2] The two individual defendants were Wiedner's supervisor and a human resources manager. The individual defendants were dismissed by the trial court, reinstated by this Court in an earlier appeal, and ultimately dismissed by Wiedner prior to the arbitration proceeding. Because they are not specifically relevant to the issues raised in this appeal, the individual defendants are not discussed further in this opinion.

denying that Wiedner was employed by FPFC, asserting that Wiedner was instead employed by Ferrellgas, a separate entity. The trial court set the case for trial and established a deadline for filing motions to amend and to add parties. Despite FPFC's continued assertions (beginning in its Answer) that it was not his employer, Wiedner made no effort to amend his petition or to substitute Ferrellgas as a party for nearly a year and a half.

One day before the trial was to begin, Wiedner filed a motion seeking to amend his petition by replacing FPFC with Ferrellgas. On the morning of trial, Wiedner orally moved to substitute parties. In response, the trial court continued the trial and requested that the parties brief the issue. Ultimately, the trial court granted Wiedner's motion to amend pursuant to Rule 55.33(c), and Ferrellgas was served a summons. Ferrellgas then moved to compel arbitration or, in the alternative, dismiss the action, asking the trial court to reconsider its allowance of Wiedner to amend his complaint to substitute Ferrellgas as the proper party so late in the litigation. The trial court dismissed all claims with prejudice.

Wiedner appealed, arguing that the trial court erred by dismissing each of his claims and that Ferrellgas had waived arbitrating his claims by permitting the underlying litigation to persist for an extended period of time. *Wiedner v. Ferrellgas, Inc.*, 607 S.W.3d 231, 236-37 (Mo. App. W.D. 2020). This Court reversed, finding that the trial court had improperly dismissed the case but that Ferrellgas had not waived its right to enforce the arbitration clause contained in Wiedner's employment agreement. *Id*. at 242-43.

On remand, Ferrellgas again moved to compel arbitration, which was granted.

Following a four-day hearing, the arbitrator issued a preliminary decision finding in favor of Wiedner on his discrimination and retaliation claims. The arbitrator awarded Wiedner $46,375

in lost wages and $15,000 for emotional distress but denied Wiedner's request for punitive damages. The arbitrator sought briefing on the issue of attorney's fees.

After briefing and a two-hour argument, the arbitrator issued a final decision, awarding Wiedner $131,678.00 in reasonable attorney's fees, approximately $75,000.00 less than requested. The arbitrator made detailed findings regarding his reasoning for not awarding the entirety of the requested attorney's fees, explaining that Wiedner had engaged in a course of conduct that included naming the wrong party causing many of the hours submitted to be not reasonably spent. Indeed, as the arbitrator noted, Wiedner admitted during the arbitration that the decision to not originally name Ferrellgas as a defendant was part of an unsuccessful strategy to avoid arbitration. As a result, the arbitrator determined that certain requested fees were not reasonably incurred, not because the attorneys "did substandard work, but rather [] because the hours [they] spent . . . would have been unnecessary if the Plaintiff had initially brought his claims in arbitration or if Plaintiff had amended his claims early in the case after being advised that his true employer was Ferrellgas, Inc."

Wiedner returned to the trial court and filed a motion to partially vacate the arbitration award arguing that the arbitrator was required, under the MHRA, to award him the entirety of his claimed attorney's fees and requesting the trial court "reinstate the attorney's fees improperly reduced in the Final Award[.]" The trial court denied Wiedner's motion.[3] Wiedner then filed a motion to confirm the arbitration award in which he also sought statutory pre- and post-judgment interest. The trial court entered its final judgment confirming the arbitration award but denying Wiedner's requested interest. Wiedner appealed.

---

[3] Wiedner attempted to appeal from the denial of his motion to partially vacate the arbitration award, but this Court dismissed the appeal for lack of a final, appealable judgment.

**Discussion**

Wiedner raises three points on appeal. In Points I and II, Wiedner claims that the trial court erred in failing to partially vacate the arbitrator's award, arguing that pursuant to section 213.111.2, RSMo, the arbitrator was required to award him the entirety of his requested attorney's fees because he was a prevailing party in an MHRA action and any unsuccessful claims were "closely related" to the successful claims. In Point III, Wiedner claims that the trial court erred in refusing to include an award of post-judgment interest on the judgment confirming the arbitration award.

*Standard of Review*

On appeal from an order confirming an arbitration award, we will affirm the trial court's judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *State ex rel. Greitens v. Am. Tobacco Co.*, 509 S.W.3d 726, 735 (Mo. banc 2017) (citing *Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 431 (Mo. banc 2015)). "Statutory interpretation is a question of law and is subject to de novo review." *Lindquist v. Mid Am. Orthopaedic Surgery, Inc.*, 224 S.W.3d 593, 594-95 (Mo. banc 2007) (citation omitted).

"'Given the purposes of arbitration as an alternative to litigation, judicial oversight of arbitration is narrow and strictly limited.'" *City of Chesterfield v. Frederich Constr. Inc.*, 475 S.W.3d 708, 709 (Mo. App. E.D. 2015) (quoting *Behnen v. A.G. Edwards & Sons Inc.*, 285 S.W.3d 777, 779 (Mo. App. E.D. 2009)). Relevant to this case, a court can vacate an arbitrator's award when an arbitrator exceeds his power. 9 U.S.C. § 10(a)(4); § 435.405.1(3), RSMo. Whether the arbitrator "exceeded [his] power is a legal question subject to *de novo* review." *Greitens*, 509 S.W.3d at 735 (citation omitted). "To establish that the arbitrator exceeded [his] powers, [the

appellant] 'must clear a high hurdle.'" *Lobel Fin. Inc. v. Bothel*, 570 S.W.3d 87, 91 (Mo. App. W.D. 2018) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)).

*Points I & II – Attorney's Fees*

In Wiedner's first two points, he asserts that the trial court erred in denying his motion seeking to partially vacate the arbitration award, arguing that the arbitrator acted in excess of his powers. Specifically, in Point I, Wiedner alleges that the arbitrator "disregarded § 213.111.2, RSMo, and clearly-established law interpreting it, which mandates an award of attorney's fees to a prevailing party as a matter of course." In Point II, Wiedner similarly claims that the arbitrator "disregarded § 213.111.2, RSMo, and clearly-established law interpreting it, which mandates an award of attorney's fees for closely-related claims." The crux of Wiedner's allegations in these first two points is that, under the MHRA, he was entitled, as a matter of law, to the entirety of his requested attorney's fees and that the arbitrator had "exceeded his powers" by excluding fees relating to trial preparation and litigating an earlier appeal necessitated by Wiedner's failed attempt to avoid arbitration by naming the wrong party in the litigation.

"Missouri courts follow the American Rule, which provides that, in the absence of statutory authorization or contractual agreement, with few exceptions, parties bear the expense of their own attorney fees." *Wilson v. City of Kan. City*, 598 S.W.3d 888, 896 (Mo. banc 2020) (citing *Incline Vill. Bd. of Trs. v. Edler*, 592 S.W.3d 334, 341 (Mo. banc 2019)). Section 213.111.2, RSMo[4] authorizes an award of "reasonable attorney fees" to the prevailing party in an MHRA action. Under this section, "'attorneys' fees are recovered unless there are circumstances that would render

---

[4] Statutory references are to the Missouri Revised Statutes, updated through the 2017 supplement.

an award of such fees unjust.'" *Wilson*, 598 S.W.3d at 896 (quoting *Gilliland v. Mo. Athletic Club*, 273 S.W.3d 516, 523 (Mo. banc 2009)).

"The determination of a reasonable attorney fee is generally committed to the circuit court's[, here, the arbitrator's] discretion." *Id.* (citing *Gilliland*, 273 S.W.3d at 523). In the context of a trial court's determination of attorney's fees, the award "'shall not be reversed unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration.'"[5] *Tate v. AutoZoners, L.L.C.*, 363 S.W.3d 179, 182 (Mo. App. S.D. 2012) (quoting *Brady v. Curators of Univ. of Mo.*, 213 S.W.3d 101, 114 (Mo. App. E.D. 2006)). "When dealing with an award of attorneys' fees, the trial court is considered an expert and may make an award at its discretion." *Id.* (citing *Howard v. City of Kan. City*, 332 S.W.3d 772, 792 (Mo. banc 2011)). "The trial court 'is not bound either by the number of hours performed . . . or the hourly charge.'" *WingHaven Residential Owners Ass'n, Inc. v. Bridges*, 457 S.W.3d 383, 386 (Mo. App. E.D. 2015) (quoting *McIntosh v. McIntosh*, 41 S.W.3d 60, 72 (Mo. App. W.D. 2001)). The following factors are relevant to an award of statutory attorney's fees:

> 1) the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; 2) the number of hours reasonably expended on the litigation; 3) the nature and character of the services rendered; 4) the degree of professional ability required; 5) the nature and importance of the subject matter; 6) the amount involved or the result obtained; and 7) the vigor of the opposition.

*Wilson*, 598 S.W.3d at 896 (quoting *Gilliland*, 273 S.W.3d at 523).

---

[5] While the standard is high when the trial court determines a reasonable attorney's fee amount, an arbitrator's discretion is even greater. *See Maxwell-Gabel Contracting Co., Inc. v. City of Milan*, 147 S.W.3d 93, 97 (Mo. App. W.D. 2004) (citing *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001)) (stating that an arbitrator's award will not be set aside even if the arbitrator "erred in interpreting the law or in determining the facts.").

7

The arbitrator considered these factors and rejected certain requested fees based on factor two, finding that those were not "hours reasonably expended on the litigation." On appeal, Wiedner ignores the *Gilliland* factors and relies instead on the assertion that an award of attorney's fees to a prevailing plaintiff in an MHRA case is "close to mandatory."[6] We need not engage in a detailed analysis of this characterization because, regardless of its accuracy, it misses an important point – an award of attorney's fees was made by the arbitrator. Thus, the proper issue to be decided is not whether the arbitrator was required to award attorney's fees, but whether the arbitrator's finding that certain requested fees represented hours not reasonably expended on the litigation should have been disturbed by the trial court.

We find no support to conclude that the arbitrator acted in an improper manner. For instance, the arbitrator determined in a detailed manner that specific hours pertaining to work performed in the early stages of the litigation culminating in the earlier appeal would have been unnecessary had Wiedner not filed suit against the wrong party and persisted in this misdirected litigation in a calculated and unsuccessful attempt to avoid arbitration. The arbitrator found that Wiedner's tactics caused delay and needless extra work despite FPFC's repeated protests that Wiedner had sued the wrong entity. The rationale for permitting an attorney's fee award following an MHRA claim is to "make an MHRA plaintiff whole 'by compensating [that plaintiff] for the costs of bringing suit.'" *Wilson*, 598 S.W.3d at 897 (quoting *Holmes v. Kan. City Mo. Bd. of Police Comm'rs ex rel. Its Members*, 364 S.W.3d 615, 630 (Mo. App. W.D. 2012)). The purpose is not to encourage parties to delay or unnecessarily prolong the litigation in an attempt to avoid an inevitable result such as arbitration. Based on the clear and thorough findings provided by the

---

[6] Wiedner cites to no cases where the reduction of an award of attorney's fees was found to be an abuse of discretion when the trial court or arbitrator considered and applied the relevant factors. Instead, his focus is primary on cases where no attorney's fees at all were awarded.

arbitrator and the heightened deference we are required to afford such findings by an arbitrator, we find that the arbitrator's attorney's fees award was neither arbitrary nor unreasonable. Thus, we similarly find that the trial court did not err in denying Wiedner's motion to partially vacate the arbitrator's award.

Points I and II denied.

*Point III - Interest*

In his third point, Wiedner claims that the trial court erred by declining to award post-judgment interest on the final judgment, arguing that "the judgment entered confirming the arbitrator's award was a tort judgment under section 408.040.3 RSMo, in that it was a judgment arising under the [MHRA] . . . which provides for an award of damages, costs, and attorney's fees, and thereby creates a substantive right to recover interest on the judgment."

We first emphasize that Wiedner only argues that the trial court committed error by not including an award of post-judgment interest "on the judgment entered on September 12, 2022 confirming the Arbitration Award." No argument is put forth by Wiedner in this appeal that the arbitrator's award should have included an award of post-award interest or that the trial court should have included an award for post-award interest in its judgment. As a result, we only address whether the trial court committed error by not including an award of post-judgment interest in its judgment confirming the arbitrator's award.

"'The imposition of any interest from the date of judgment until payment is fixed and determined by statute.'" *Peterson v. Discover Prop. & Cas. Ins. Co.*, 460 S.W.3d 393, 413 (Mo. App. W.D. 2015) (quoting *Kelly v. Bass Pro Outdoor World, L.L.C.*, 426 S.W.3d 675, 678 (Mo. App. E.D. 2013)). Under section 408.040.3, RSMo, "in tort actions, interest shall be allowed on all money due upon any judgment or order of any court from the date judgment is entered by the

9

trial court until full satisfaction." *See also Soto v. Costco Wholesale Corp.*, 502 S.W.3d 38, 58 (Mo App. W.D. 2016) (finding that the interest rate for tort actions applies in MHRA claims). Moreover, the statute requires that "[a]ll such judgments and orders for money shall bear a per annum interest rate equal to the intended Federal Funds Rate, as established by the Federal Reserve Board, plus five percent, until full satisfaction is made." § 408.040.3, RSMo. "The judgment shall state the applicable interest rate, which shall not vary once entered." *Id*. The cumulative impact of these provisions required that the trial court's judgment include an award of post-judgment interest together with the applicable interest rate.[7]

Point III granted.

## Conclusion

The judgment of the circuit court is affirmed in part, reversed in part, and remanded for the trial court to modify its judgment to include an award of post-judgment interest together with the

---

[7] Our finding that the judgment was required to contain an award of post-judgment interest reflects no view on whether Ferrellgas owes or will owe such interest in the future. Such a determination is dependent on when payments in satisfaction of the judgment are made by Ferrellgas. For instance, Ferrellgas asserted to the trial court prior to the judgment being entered that it had already satisfied the arbitrator's award with the exception of the attorney's fees component (that it claims was offered but not accepted by Wiedner), which Wiedner was then challenging and is the subject of this appeal. While we leave to the trial court to work through these issues, we note that post-judgment interest would not accrue on any part of the award that was satisfied prior to judgment being entered. *See Lindquist*, 325 S.W.3d at 465 ("'Interest accrues on unpaid monies[;]'" it "does not continue to accumulate on monies paid by Respondent to Appellant."). *See also Investors Title Co. v. Chicago Title Ins. Co.*, 18 S.W.3d 70, 72 (Mo. App. E.D. 2000) (stating that when a judgment creditor appeals "upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor, then if the judgment is affirmed he is held not to be entitled to interest on the judgment pending the disposition of the appeal . . .").

applicable interest rate as established by section 408.040.3, RSMo, and such further proceedings deemed necessary[8].

_____
EDWARD R. ARDINI, JR.

All concur.

---

[8] Wiedner filed a motion for attorney fees under Local Rule 29 that was taken with the case. That motion is denied.